■ FLOYD G. GROSSMAN, Respondent, v LOUIS C. FIELAND, Appellant. — In a libel action, defendant appeals from a judgment of the Supreme Court, Nassau County (Berman, J.), entered

May 25, 1983, which, after a jury trial, was in favor of the plaintiff.

Judgment affirmed, with costs.

Plaintiff's client obtained a judgment against defendant and others. Defendant, after obtaining a bond, appealed the judgment. On appeal, the Appellate Division affirmed the judgment (*Landmark Assoc. v Fieland*, 73 AD2d 1063). Defendant forwarded a check for the original amount of the judgment and in a cover letter directed plaintiff to hold the check in escrow pending defendant's receipt of a satisfaction of judgment. The letter stated that plaintiff was not authorized to deposit, negotiate, or assign the check.

Plaintiff deposited the check in his firm's escrow account, and in a reply letter advised defendant that an additional sum was still owed to cover interest due on the judgment and the costs and disbursements awarded on the appeal. The bonding company ultimately paid the additional sums due to extinguish the debt, and satisfactions of judgment were promptly issued. When defendant learned that plaintiff had deposited the check in his firm's escrow account, he sent letters to the District Attorneys of Nassau and Queens Counties in which he stated, in part, "In the opinion of the undersigned, Mr. Grossman is clearly guilty of misappropriation of funds". In this ensuing libel action, plaintiff obtained a jury verdict in his favor in the principal sum of $10,000. We now affirm. Plaintiff was fully within his rights in refusing to issue a satisfaction of judgment until the additional sums demanded were paid (see CPLR 5003, 5020). Defendant's letter requesting plaintiff to hold the check in escrow was in no way binding upon plaintiff, because the requisite elements of an escrow agreement were lacking (*Farago v Burke*, 262 NY 229; 20 NY Jur, Escrow [rev ed], §§ 3, 4, 6). Plaintiff never agreed to hold any sum put in his possession in escrow, and he had the right to seek to enforce the judgment against the property put in his possession by defendant (CPLR 5201, subd [b]; see, also, *Koroleski v Badler*, 32 AD2d 810).

Although defendant's statements were qualifiedly privileged, because they were made to District Attorneys (*Toker v Pollak*, 44 NY2d 211; *Pecue v West*, 233 NY 316), a review of the record indicates that plaintiff overcame this privilege by proving that the statements were false, that defendant had knowledge of their falsity, and that defendant was motivated by ill will towards plaintiff (*Rezey v Golub Corp.*, 52 NY2d 713; *Baldwin v Shell Oil Co.*, 71 AD2d 907; *Silbowitz v Lepper*, 32 AD2d 520). Not only is defendant's claim of an attempt to settle the initial action when he forwarded an inadequate amount incredible, but

even if credible, it in no way justified the ensuing letters to the authorities charged with prosecuting criminal larceny complaints in Nassau and Queens Counties.

Defendant claims that his statements were nonactionable since they were statements of his opinion. Defendant, however, was clearly accusing plaintiff of illegal actions. "Accusations of criminal activity, even in the form of opinion, are not constitutionally protected" (*Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 382; see, also, *Russo v Padovano,* 84 AD2d 925). Thus, proof of actual malice on the part of defendant allowed his statements to be considered defamatory even though they were couched in the form of an opinion (*Rinaldi v Holt, Rinehart & Winston, supra*). Furthermore, since actual malice was established in the case at bar, the jury was properly permitted to presume damage to plaintiff's reputation, to award compensatory damages concomitant with the injury to his reputation, and to award punitive damages (cf. *Gertz v Robert Welch, Inc.,* 418 US 323; *France v St. Clare's Hosp. & Health Center,* 82 AD2d 1; *Salomone v MacMillan Pub. Co.,* 77 AD2d 501).

No reversible error was committed when the court refused to answer two jury questions with regard to whether plaintiff was entitled to deposit the check into his firm's escrow account because any answer, if correctly given, would necessarily have been contrary to defendant's trial position. Accordingly, defendant suffered no prejudice (*People v La Marca,* 3 NY2d 452; see, also, *People v Mezzacapo,* 105 AD2d 808). With regard to the other matters as to which the jury requested further instruction, no objection was made to the court's response, and therefore no issue has been preserved for appellate review (CPLR 5501).

We have considered defendant's other contentions and find them to be without merit. Thompson, J. P., O'Connor, Niehoff and Rubin, JJ., concur.