■ SOULA ROMEL, Appellant, v JULIUS REALE et al., Respondents.—Weiss, J. Appeal from an order and judgment of the Supreme Court (Lynch, J.), entered September 21, 1988 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaint.

On March 19, 1986, plaintiff was injured when she allegedly slipped on tree leaves on an outdoor stairway and sidewalk and fell at the premises at 30 Mergner Road in the Village of Fort Johnson, Montgomery County. Although legal title to the property was held by defendants, possession was enjoyed by Edward La Porta, the vendee under an executed installment contract for the purchase of real property dated January 5, 1985. The incident occurred while plaintiff was leaving the premises after a social visit with La Porta. Following discovery Supreme Court granted defendants' motion for summary judgment dismissing the complaint, finding that defendants had not exercised control of the property for 15 months prior to the accident and that La Porta had complete control and responsibility for maintenance and repairs. The court further held that the acquisition of a liability insurance policy did not subject defendants to liability. Plaintiff has appealed.

Plaintiff's sole argument is that defendants' payment for an insurance policy out of escrow funds established by the contract vendee, which named defendants as owners, evidenced their dominion and control over the property. This contention was raised in an affidavit by one of plaintiff's attorneys and later referred to by plaintiff in her own affidavit. An attorney's affidavit not based upon personal knowledge is without value *(Hasbrouck v City of Gloversville,* 102 AD2d 905). Moreover, it was incumbent upon plaintiff to come forward with proof in evidentiary form sufficient to demonstrate the existence of a triable issue of fact *(see, Zuckerman v City of New York,* 49 NY2d 557). It is this burden that plaintiff has failed to sustain.

Upon the execution of the contract for installment sale of the property, La Porta acquired the equitable title *(see, Elterman v Hyman,* 192 NY 113, 119). Defendants held the legal title in trust for La Porta and had an equitable lien as

security for the payment of the purchase price *(see, Trembath v Berner,* 240 NY 618; *New York Cent. & Hudson Riv. R. R. Co. v Cottle,* 187 AD2d 131, 143, *affd* 229 NY 514). La Porta, as the vendee in possession, "for all practical purposes, [was] the owner of the property with all the rights of an owner subject only to the terms of the contract" *(Bean v Walker,* 95 AD2d 70, 72). Defendants, as land contract vendors, had a valid insurable interest in the premises not effecting title, possession and control of the property *(see, Meade v North County Co-op. Ins. Co.,* 128 Misc 2d 274). The contract provides that the vendee shall at all times keep the building on the premises insured for the benefit of the vendors and the Veterans' Administration.* This provision obviously requires insurance for loss to the building resulting from fire and other casualty. No provision for liability insurance appears. Plaintiff's argument is unpersuasive.

Absent a showing of an exception, liability for the condition of real property ceased when possession and control over the property was transferred from defendants to La Porta 15 months prior to the occurrence causing injury to plaintiff *(see, Kilmer v White,* 254 NY 64, 69; *Copp v Corning Glass Works,* 114 AD2d 144, 147).

Order and judgment affirmed, with costs. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.

---

* Apparently, defendants acquired the property pursuant to an installment contract for its purchase from the Veterans' Administration dated May 30, 1984 upon which a balance remained unpaid.