■ Sid Davidowitz, Respondent, v Lloyd J. Cazes et al., Appellants and Third-Party Plaintiffs-Appellants-Respondents. Jay Kaplan, Third-Party Defendant-Respondent-Appellant.— Mikoll, J. Cross appeals from that part of an order of the Supreme Court (Klein, J.), entered October 27, 1988 in Ulster

---

* Defendant does not dispute that it could not be indemnified for its own negligence *(see,* General Obligations Law § 5-322.1 [1]).

County, which (1) denied the motion of defendants and third-party plaintiffs for partial summary judgment dismissing the complaint, and (2) denied the cross motion of third-party defendant for summary judgment dismissing the third-party complaint.

Defendant Lloyd J. Cazes was a certified accountant. Plaintiff and Robert Cornelio were clients of Cazes. As a result of discussions prior to November 23, 1981, plaintiff was to loan Cornelio $22,500 to be repaid within 45 days. Third-party defendant, Jay Kaplan, was Cornelio's attorney.

According to the record, plaintiff's check for $22,500 was delivered by either Cazes or Cornelio to Kaplan at his office on November 23, 1981. On the same day, a promissory note was executed by Cornelio providing that $22,500 would be paid, plus interest, at the maximum rate allowed by law within 45 days after that date. The note also contained a clause whereby Kaplan, as escrow agent, acknowledged that Cornelio had deposited property to be sold or transferred in the event of a default by Cornelio. This note was prepared by Kaplan's secretary at his direction. Kaplan's name, as escrow agent, was inserted by his own hand. The property referred to consisted of securities. However, no securities were ever deposited with Kaplan. Cornelio was not able to pay the note when due and, on January 8, 1982, a second note was executed providing for payment of $25,000, plus interest, at 20% per year. This note was due on January 30, 1982. Cornelio died without either note being paid to plaintiff and without funds or assets to make the payment.

Plaintiff commenced this action against Cazes and his firm, defendant Comprehensive Business Services, alleging that they were negligent in delivering the check to Cornelio without any security having first been deposited with them. Defendants then brought a third-party action against Kaplan for negligence and breach of duty as an escrow agent. The third-party complaint alleged that Kaplan was to act as escrow agent for Cornelio and plaintiff, that Kaplan undertook control and custody of a check in the sum of $22,500 and agreed not to deliver the check until proper security was deposited with him by Cornelio.

Subsequently, defendants moved in Supreme Court for partial summary judgment dismissing the complaint. In the alternative, they sought a declaration that Kaplan be held liable to them if they were found liable to plaintiff. Kaplan then cross-moved for summary judgment dismissing the third-party complaint. Supreme Court found that questions of fact

were presented by conflicting testimony and affidavits, barring summary judgment and denied all of the motions for summary judgment. These cross appeals followed.

The order of Supreme Court should be affirmed. Supreme Court properly concluded that the conflicting evidence presented in the examinations before trial and the affidavits submitted prevented the grant of summary judgment. Summary judgment is a drastic remedy, the procedural equivalent of a trial (*Andre v Pomeroy,* 35 NY2d 361, 364). Where there is doubt as to the existence of a triable issue or where the issue is arguable, summary judgment should not be granted (*Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Issue finding rather than issue determination is the key to the procedure (*supra).* The proponent of a motion for summary judgment must " 'establish his cause of action or defense "sufficiently to warrant the court as a matter of law in directing judgment" in his favor (CPLR 3212, subd [b]), and he must do so by tender of evidentiary proof in admissible form' " (*Zuckerman v City of New York,* 49 NY2d 557, 562, quoting *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068).

In the instant case there is a question of fact as to whether an escrow was ever created due to the failure to deliver the property that was to be the subject of the escrow (*see, Grossman v Fieland,* 107 AD2d 659, 660; *see also, Muscara v Lamberti,* 133 AD2d 362, 363-364). There is also conflicting evidence as to who and under what circumstances the check was delivered to Cornelio. None of the parties appealing have demonstrated their right to the grant of the summary relief requested.

Order affirmed, with one bill of costs. Mahoney, P. J., Weiss, Mikoll, Mercure and Harvey, JJ., concur.