■ CHERYL A. YOUNG, Plaintiff, v MARY T. HANSON, Defendant and Third-Party Plaintiff-Appellant. PATRICIA LANGE et al., Third-Party Defendants-Respondents.—Yesawich Jr., J.

On May 27, 1986, plaintiff was allegedly injured when a section of the cement steps upon which she was standing, at the rear of a house owned by defendant, gave way. Defendant had purchased the house from third-party defendants on March 18, 1986; defendant had visited the premises twice prior to moving into the house in June.

Plaintiff sued defendant for negligence in failing to maintain and repair the exterior cement steps; defendant in turn brought a third-party action seeking contribution and/or indemnification from third-party defendants charging that, if the steps were defective, the defect was due to third-party defendants' negligence in maintaining and repairing them. Following discovery, third-party defendants moved for summary judgment dismissing the third-party complaint. The thrust of third-party defendants' claim is that defendant had exclusive control of the property prior to the accident, actual or constructive notice of the "dangerous" condition of the steps, and reasonable opportunity and time to make the necessary repairs. The motion was granted and defendant appeals.

Generally, a landowner's liability for the condition of real property ceases when possession and control thereof is trans-

ferred *(Romel v Reale,* 155 AD2d 747, 748). Where, however, "there is an undisclosed condition, and the vendee has no knowledge of this condition, or where the vendor actively conceals it, the liability remains with the vendor until the vendee has had a reasonable time to discover and remedy it. * * * This principle [applies equally] where the vendee has knowledge of the dangerous condition at the time of the conveyance, but sufficient time has not elapsed at the time of the accident to allow the vendee to remedy the defect * * *. There is no basis to hold the vendee liable for a defect until a reasonable time to cure such defect has elapsed unless there be an assumption of liability" *(Farragher v City of New York,* 26 AD2d 494, 496, *affd* 21 NY2d 756), which is not the case at hand.

Whether the exception applies here to hold third-party defendants liable depends upon the resolution of disputed material facts, among them whether the accident was indeed due to a dangerous condition existing at the time of conveyance *(cf., Cheitel v Omega Mgt. Co.,* 150 AD2d 228), whether third-party defendants had notice of such condition and negligently failed to remedy it, and whether defendant had a reasonable opportunity prior to the accident to discover and cure that condition *(cf., Govel v Lio,* 120 AD2d 840, 841; *Levine v 465 W. End Ave. Assocs.,* 93 AD2d 735, 736). Accordingly, summary judgment is inappropriate.

The dispute regarding whether defendant's son, who accompanied defendant on her two visits to the premises and was actively involved in helping her settle into her new home, acted as her agent and whether he had constructive or actual notice of the allegedly dangerous condition of the steps bears critically on whether defendant had reasonable time to remedy the defect. Whether, as a result of defendant's words or conduct, third-party defendants reasonably believed defendant's son was her agent *(see, Hoysradt v Nilles Ford-Mercury,* 168 AD2d 824, 825) and whether he acquired knowledge of the claimed defective condition of the steps in the scope of his agency *(see, Center v Hampton Affiliates,* 66 NY2d 782, 784) are also triable fact issues precluding summary judgment.

Mikoll, Crew III and Mahoney, JJ., concur.

Harvey, J. (dissenting). I respectfully dissent. In my view, Supreme Court's order dismissing the third-party complaint should be affirmed. There is nothing contained in the motion papers before the court that would indicate that third-party defendants had any knowledge of a problem with the subject steps, much less any proof that they attempted to conceal a

difficulty. As revealed by the depositions of defendant and her son, third-party defendants showed them the property prior to its purchase and did not try to steer them away from viewing the stairs in question or restrict their inspection of the home in any way. If the problem with the steps was as obvious as defendant indicates, then there is no reason why she should not have seen it for herself on one of the two presale inspections (see, Govel v Lio, 120 AD2d 840, 841). Significantly, title and control of the premises passed to defendant in March 1986 and plaintiff's injury occurred over two months later. Such an extended period of time gave defendant plenty of opportunity to exercise any duty she might have had to repair the steps, block them off or warn visitors of any potential dangers. There is undisputed proof that defendant had *other* needed repairs to the property performed in the two months prior to the accident.

In the absence of factual questions, I believe that summary judgment in favor of third-party defendants was appropriate.

Ordered that the order is reversed, on the law, with costs, and motion denied.