■ Sarah E. Brown, Respondent, v Timothy J. O'Connor, Appellant, et al., Defendant. [598 NYS2d 629] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied defendant O'Connor's motion for summary judgment. On November 14, 1991, plaintiff fell on a sidewalk located on real property at 80 Cottage Street, Lockport. Plaintiff alleges that the sidewalk was uneven and that the property owner was negligent in failing to repair it. Defendant O'Connor, the prior owner of the property, had given up control and possession of the property to defendant Lederer on September 23, 1991, pursuant to a land contract. As a general rule, liability for the condition of real property ceases when control and possession of the property is transferred *(Young v Hanson,* 179 AD2d 978, 978-979; *Romel v Reale,* 155 AD2d 747, 748; *Farragher v City of New York,* 26 AD2d 494, 496, *affd* 21 NY2d 756). When, however, the new owner of the property has not had a reasonable time to cure an alleged defect on the property, liability remains with the former owner *(Farragher v City of New York, supra,* at 496; *see also, Young v Hanson, supra,* at 979). Defendant Lederer had control and possession over the property for only 52 days before plaintiff's fall. Whether that was a reasonable time for her to correct the alleged defect is a question of fact precluding summary judgment *(see, Young v Hanson, supra).* (Appeal from Order of Supreme Court, Niagara County, Koshian, J.— Summary Judgment.) Present—Callahan, J. P., Lawton, Fallon, Doerr and Boehm, JJ.