■ JAIME A. SLOMIN, Appellant, v SKAARLAND CONSTRUCTION CORPORATION et al., Respondents, et al., Defendant. [615 NYS2d 941] —Peters, J. Appeals (1) from an order of the Supreme Court (Kahn, J.), entered March 16, 1993 in Albany County, which granted motions by defendants Skaarland Construction Corporation, Skaarland Homes, Inc. and Blake Realty, Inc., doing business as Manor Homes, for summary judgment dismissing the complaint and all cross claims against them, and (2) from an order of said court, entered July 9, 1993 in Albany County, which denied plaintiff's motion for reconsideration.

On November 30, 1988, plaintiff purchased a town house located at 17 Surrey Hill in the Town of Colonie, Albany County. The town house was built in 1987 by defendant Skaarland Homes, Inc. Prior to plaintiff's purchase, Skaarland Homes sold the town house to defendant Blake Realty, Inc., doing business as Manor Homes (hereinafter Manor Homes), which used the town house as a model home in the promotion and sales of other town houses which were owned and developed by Skaarland Homes in a project known as Surrey Hill.

Originally, the attic in the town house could only be accessed through a scuttle hole. At the time of construction, a light fixture was placed within reach of the scuttle hole. When plaintiff sought to purchase this town house, plaintiff exercised the option of having a pull-down staircase built for easier accessability to the attic. Accordingly, Manor Homes, through its sales agent, Nancy Machold, arranged for Skaarland Homes to install a pull-down staircase prior to plaintiff's purchase. Both Manor Homes, through Machold, and Skaarland Homes understood that plaintiff requested the installation of the staircase to include the placement of 100 square feet of plywood in the attic. Plaintiff admitted that she was never told where the plywood would be located but believed that it would be placed at the top of the staircase. Skaarland Homes did, in fact, arrange for the installation of the staircase and plywood as Manor Homes requested. Unknown to plaintiff, the flooring was placed behind the staircase.

With the only light located where the former scuttle hole accessed the attic, which was approximately 10 feet from the top of the staircase, Machold advised plaintiff at the time of closing that she should either have someone install a light switch at the entrance of the staircase or place a long string on the pull-down chain of the light fixture to enable her to turn on the light from the stairs. It is undisputed that plaintiff never viewed the attic area prior to her purchase of the town house.

On December 4, 1988, just four days after closing, plaintiff went to the attic for the first time for the purpose of, *inter alia,* attaching a string onto the light fixture. After locating the light fixture with a flashlight, plaintiff testified that she straddled the beams and trusses in the attic to get to the light and eventually turned it on. Plaintiff testified that she did not observe any plywood flooring between the opening of the staircase and the light at such time. When returning to the staircase, plaintiff stated that the light in the attic cast shadows in her path and, believing a piece of sheetrock was painted plywood, she stepped off the rafters onto such sheetrock and fell through the attic onto the garage floor. Plaintiff sustained injuries as a result of the fall.

Plaintiff commenced three separate actions which were consolidated against defendants alleging negligence, breach of warranty and merchantability, nuisance and strict liability.*

* Plaintiff also commenced an action against defendant Boel Electric

After issue was joined, Manor Homes, Skaarland Construction Corporation and Skaarland Homes moved for summary judgment dismissing the complaint and all cross claims. Supreme Court granted the motions for summary judgment. Plaintiff then moved to renew and reargue and Supreme Court denied such motion. Plaintiff now appeals from both orders.

Addressing first the motions for summary judgment, we note that plaintiff limited her appeal to issues regarding the alleged negligence of Skaarland Homes and Manor Homes and only requested the reinstatement of this cause of action. Since plaintiff has wholly failed to brief her remaining causes of action against such defendants as well as any cause of action concerning Skaarland Construction, we find that plaintiff has abandoned all claims against Skaarland Construction and all remaining causes of action, other than negligence, against Skaarland Homes and Manor Homes *(see, First Natl. Bank v Mountain Food Enters.,* 159 AD2d 900, 901).

In so addressing the alleged negligence of Skaarland Homes and Manor Homes, we find that the conflicting expert affidavits addressing an alleged violation of the State Building Code created an issue of fact which should have precluded an award of summary judgment. It is well settled that "[s]ummary judgment is a drastic remedy, the procedural equivalent of a trial *(Andre v Pomeroy,* 35 NY2d 361, 364). Where there is doubt as to the existence of a triable issue or where the issue is arguable, summary judgment should not be granted *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Issue finding rather than issue determination is the key to the procedure *[supra]" (Davidowitz v Cazes,* 157 AD2d 1014, 1016). We further find that should it be determined that Skaarland Homes and Manor Homes had complied with all applicable building codes, such compliance would not necessarily preclude a jury from finding that the absence of a walkway to the only accessible lighting or the absence of lighting accessible from the top of the staircase contributed to what may be found to be an inherently dangerous condition *(see, Cirino v Greek Orthodox Community,* 193 AD2d 576).

While a landowner's liability for the condition of real estate generally ceases when possession and control is transferred *(see, Romel v Reale,* 155 AD2d 747), it is settled that liability will remain with the vendor where the vendee has knowledge of the dangerous condition at the time of the conveyance but

Corporation. Supreme Court granted summary judgment to Boel and an order was entered. There was no appeal from that order.

has not yet had a sufficient opportunity at the time of the accident to remedy the defect (see, Young v Hanson, 179 AD2d 978, 979). We find that a triable issue of fact was raised concerning plaintiff's knowledge of the potentially dangerous condition of the lack of flooring in the attic directly in front of the staircase. Even if plaintiff had knowledge of such condition, which is noticeably absent from the record before us, there remains an issue as to whether sufficient time had elapsed to give plaintiff a reasonable opportunity prior to the accident to cure the condition or the lack of accessible lighting.

Accordingly, based upon the placement of the plywood flooring behind the staircase as well as the placement of the only available light 10 feet from the entrance to the attic without a walkway to access such light, coupled with the lack of any other available light from the top of the stairs, we find that summary judgment was inappropriately granted in favor of Skaarland Homes and Manor Homes, on the issue of their negligence. A jury could reasonably conclude that the failure to provide one or both of the above was the proximate cause of plaintiff's injuries and that such injuries were foreseeable.

White and Yesawich Jr., JJ., concur.

Cardona, P. J. (concurring in part and dissenting in part). I concur with the majority's conclusion that the failure of defendant Skaarland Homes, Inc. to install the plywood flooring at the top of the pull-down staircase rather than behind it may have contributed to the happening of the accident precluding an award of summary judgment in its favor. Nor does the record support the theory that, as a builder, Skaarland Homes cannot be held liable because it was simply following the original plans and specifications provided by the architect since the installation of the attic flooring was an add-on to an already completed home.

I join Justice Weiss in affirming the dismissal of plaintiff's action against defendant Blake Realty, Inc., doing business as Manor Homes. I agree that the lack of attic flooring between the top of the pull-down staircase and the light fixture did not constitute a violation of the State Building Code. Additionally, there is no evidence that Manor Homes, as a former owner, had actual or constructive notice of the lack of flooring at the top of the pull-down staircase prior to the transfer of the property to plaintiff (see, Young v Hanson, 179 AD2d 978).

Weiss, J. (dissenting). Initially, I agree that plaintiff has abandoned her appeal from (or waived review of) the dismissal

of her causes of action for strict liability, breach of warranty and merchantability, and nuisance, in addition to her appeal from dismissal of all causes of action against defendant Skaarland Construction Corporation, because she failed to address or discuss those issues in her brief on this appeal *(see, Bombard v Central Hudson Gas & Elec. Co.,* 205 AD2d 1018; *Matter of Hogan (Montgomery) v Goodspeed,* 196 AD2d 675, 678, *affd* 82 NY2d 710; *see also, First Natl. Bank v Mountain Foods Enters.,* 159 AD2d 900, 901).

I also find no merit in plaintiff's appeal from the order denying her motion for renewal and reargument. It is well settled that a motion to renew under CPLR 2221 requires both demonstration of new facts to support the motion *and* a justifiable excuse for not initially placing such facts before the court *(see, Foley v Roche,* 68 AD2d 558, 568; *Lansing Research Corp. v Sybron Corp.,* 142 AD2d 816, 819). The alleged new information here consists of the failure to follow the blueprints for the town house and the lack of certification of the strength of the structural members in the attic where the fall occurred as required by the State Building Code. Even assuming these to be "new" facts, plaintiff has failed to provide *any* excuse, let alone justifiable, for her failure to have offered this evidence, which was available long before she sought a second opinion from another expert. I find unavailing her reliance upon Second Department cases *(cf., Hantz v Fishman,* 155 AD2d 415; *Pinto v Pinto,* 120 AD2d 337; *Rodney v New York Pyrotechnic Prods. Co.,* 112 AD2d 410) and adhere to the explicit standard of this Court *(see, Sears, Roebuck & Co. v Galloway,* 195 AD2d 825, 826; *Pomygalski v Eagle Lake Farms,* 192 AD2d 810, 812, *lv denied* 82 NY2d 656; *Rankin v Harding,* 191 AD2d 926, 928, *lv denied, lv dismissed* 82 NY2d 690).

I turn then to my disagreement with the conclusion that Supreme Court erred in dismissing the complaint and all cross claims against defendants Skaarland Homes, Inc. and Blake Realty, Inc., doing business as Manor Homes (hereinafter Manor Homes). Skaarland Homes built the town house in 1987 and conveyed it to Manor Homes that same year, which used it as a model home and then sold it to plaintiff on November 30, 1988. Prior to closing, plaintiff opted to replace a "hatch" or "scuttle hole" in a closet in the garage providing access to the attic with a pull-down staircase located elsewhere in the garage and to install 100 square feet of plywood for flooring in an unspecified part of the attic. Relocation of an electric light fixture in the attic was not included and plaintiff

was advised to either have it relocated herself or to have a long piece of string attached to the pull chain to enable the light to be turned on from the staircase.

On December 4, 1988, plaintiff entered the attic from the pull-down staircase with a flashlight, walked on the ceiling beams to the light fixture, turned it on, tied a piece of string to the pull chain and began to walk back to the stairs, again on the beams. She stepped off a beam downward onto the sheetrock garage ceiling and fell through, sustaining injuries. Her separate actions alleging negligence, breach of warranty and merchantability, nuisance and strict liability were consolidated and subsequently dismissed by Supreme Court, giving rise to this appeal.

As a general rule, liability for the condition of real property ceases when control and possession is transferred (*Brown v O'Connor*, 193 AD2d 1088; *Young v Hanson*, 179 AD2d 978, 978-979; *Romel v Reale*, 155 AD2d 747, 748; *Farragher v City of New York*, 26 AD2d 494, 496, *affd* 21 NY2d 756). The rule is subject to exception when a former owner either created or negligently permitted a dangerous condition to remain, thereby presenting an unreasonable risk of harm to others (*see, Fetter v DeCamp*, 195 AD2d 771, 772). Plaintiff's allegations that the absence of plywood flooring between the top of the stairs and the light fixture violated the State Building Code is without merit. The proof shows (1) that this attic was not habitable and did not require actual plywood flooring over the trusses, and (2) that the sheetrock through which plaintiff fell was the ceiling of the garage attached to the bottom of the beams, not the attic floor. Nor is there any proof that the beams were insufficient to bear her weight.

Moreover, plaintiff's deposition testimony confirms that she was aware of the lack of flooring and the absence of a light switch at the stairs. It is equally clear that neither the location of the light fixture nor the lack of flooring was the proximate cause of the accident; nor was it foreseeable that, after successfully reaching the light and turning it on, plaintiff would step down between the joists onto the sheetrock garage ceiling under the mistaken belief that it was the attic floor.

Finally, it is undisputed that the town house was built in accordance with approved plans and specifications provided by an architect, which were in compliance with all applicable codes and requirements. Unless the absence of attic flooring and location of the light were so apparently defective as to

place an ordinary prudent builder on notice that the condition was dangerous and likely to cause injury, Skaarland Homes cannot be held liable (see, Pioli v Town of Kirkwood, 117 AD2d 954, 956, lv denied 68 NY2d 601; see also, Ryan v Feeney & Sheehan Bldg. Co., 239 NY 43, 46). Plaintiff offered no such proof and, therefore, the motion to dismiss was properly granted.

The orders of Supreme Court should be affirmed.

Ordered that the orders are modified, on the law, with costs to plaintiff, by reversing so much thereof as granted the motions of defendants Skaarland Homes, Inc. and Blake Realty, Inc., doing business as Manor Homes, dismissing the negligence cause of action against them and the cross claim asserted by Manor Homes; motions denied to that extent; and, as so modified, affirmed.