■ CYNTHIA T. EDWARDS et al., Respondents, v FRANK A. VAN SKIVER, Appellant. [681 NYS2d 893] —Spain, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered January 13, 1998 in Fulton County, which denied defendant's motion for summary judgment dismissing the complaint.

Pursuant to an installment purchase agreement dated September 30, 1989, defendant sold a parcel of real property located at 88 Forest Street (hereinafter the property) in the Town of Gloversville, Fulton County, to Toby Edwards and Wanda Price; defendant retained title to the property subject to future installment payments by Edwards and Price. According to the terms of the agreement, Edwards and Price were responsible for, *inter alia*, all repairs necessary for the maintenance of the property. The agreement also stated that following the payment of the final installment, defendant was to deliver a deed to Edwards and Price. The record also reveals that although Edwards and Price failed to purchase insurance for property, as required in the agreement, defendant maintained insurance on the property.

---

4. The "08-10" designation refers to the branch and teller numbers, respectively.

On August 16, 1993 plaintiff Cynthia T. Edwards (hereinafter plaintiff), a tenant of Edwards and Price, fell on a flight of stairs located at the property. As a result of her injuries, plaintiff and her husband, derivatively, commenced suit against defendant. Defendant thereafter moved for summary judgment dismissing plaintiffs' complaint upon the ground that plaintiffs failed to state a cause of action upon which relief could be granted. In support of the motion, defendant submitted an affidavit from Edwards wherein he stated that he was responsible for all repairs to the property and at no time after the 1989 purchase agreement did defendant exercise possession or control over the property or enter the property for the purposes of making repairs. Edwards also stated that he was aware of the dilapidated condition of the stairs and that he repaired them after the accident. Supreme Court, without opinion, denied the motion. Defendant appeals.

We reverse. Following the execution of a contract for the installment sale of real property the vendee/purchaser acquires equitable title to the property while the vendor/seller holds legal title in trust for the vendee and maintains an equitable lien as security for the payment of the purchase price (*see, Elterman v Hyman*, 192 NY 113; *Hogan v Weeks*, 178 AD2d 968; *Romel v Reale*, 155 AD2d 747). "[A] landowner's liability for the condition of real estate generally ceases when possession and control is transferred" (*Slomin v Skaarland Constr. Corp.*, 207 AD2d 639, 641; *see, Romel v Reale, supra*). Notably, "liability will remain with the vendor where the vendee has knowledge of the dangerous condition at the time of the conveyance but has not yet had a sufficient opportunity at the time of the accident to remedy the defect" (*Slomin v Skaarland Constr. Corp., supra*, at 641-642), there being no basis to hold the vendee liable for a known defect until a reasonable time to cure the defect has elapsed (*see, Farragher v City of New York*, 26 AD2d 494, 496, *affd* 21 NY2d 756). Other examples of where the vendor will still be liable are where " 'there is an undisclosed condition, and the vendee has no knowledge of this condition, or where the vendor actively conceals it, the liability remains with the vendor until the vendee has had a reasonable time to discover and remedy [the condition]' " (*Young v Hanson*, 179 AD2d 978, 979, quoting *Farragher v City of New York, supra*, at 496).

None of these exceptions have been established in the instant case. It is undisputed that defendant transferred equitable title to Edwards and Price by virtue of the 1989 purchase agreement, almost four years before the accident. The agree-

ment, which authorized Edwards and Price to take possession of the premises, informed them that they were responsible for "any and all repairs". Additionally, Edwards stated that it was his understanding that he was solely responsible for all repairs and maintenance of the premises and that he did, in fact, make all such repairs. Moreover, plaintiffs testified that although they complained to defendant about the condition of the property from time to time, when repairs to the apartment were needed they went to Edwards and not defendant. The record supports the conclusion that after Edwards and Price took possession and control in 1989, defendant made no repairs and never held himself out as a landlord nor led plaintiffs to believe that he would make any repairs. Contrary to plaintiffs' assertion that defendant assumed the position of landlord by accepting rent, plaintiffs testified that the reason they, on approximately three occasions and on their own initiative, delivered rent to defendant rather than to Edwards or Price was because of their fear that Edwards would squander the money.

Finally, proof of defendant's acquisition of an insurance policy on the premises which included liability coverage was insufficient to establish his retention of possession and control over the premises (*see, Romèl v Reale, supra*). In our view, there are no material issues of fact and summary judgment should have been granted to defendant (*see, Levine v 465 W. End Ave. Assocs.*, 93 AD2d 735).

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, Motion granted, summary judgment awarded to defendant and complaint dismissed.