■ JOSEPH CONNEELY, Appellant, v CHARLES K. HERZOG, Respondent. [822 NYS2d 662]—

Lahtinen, J. Appeal from an order of the Supreme Court (Dowd, J.), entered October 13, 2005 in Otsego County, which granted defendant's motion for summary judgment dismissing the complaint.

Defendant executed a land contract in July 1999 selling a parcel he owned in the Town of Middleburgh, Schoharie County, and, in February 2000, he agreed to an assignment of that land contract to George Coons and Michelle Bailey. In January 2002, plaintiff allegedly sustained injuries when he was walking on a street adjacent to the property and tripped over a discarded lawnmower that protruded from the property partially into the street. Plaintiff commenced this action against defendant, who, after disclosure, successfully moved for summary judgment dismissing the complaint. Plaintiff appeals.

We affirm. "Following the execution of a contract for the installment sale of real property the vendee/purchaser acquires equitable title to the property" (*Edwards v Van Skiver*, 256 AD2d 957, 958 [1998] [citations omitted]; *see Bean v Walker*, 95

AD2d 70, 72 [1983]) and, subject to certain exceptions not alleged in the current case, the " 'landowner's liability for the condition of real estate generally ceases when possession and control is transferred' " (*Edwards v Van Skiver, supra* at 958, quoting *Slomin v Skaarland Constr. Corp.*, 207 AD2d 639, 641 [1994]; *see Romel v Reale*, 155 AD2d 747, 748 [1989]). Here, it is undisputed that Coons and Bailey were in possession and control of the subject premises under the terms of a duly executed land contract for approximately two years before plaintiff's accident. The contract provided in relevant part that the "purchasers will be solely responsible for all repairs and maintenance" on the property. Defendant's general right to cancel the contract for nonpayment or other material breach does not, as asserted by plaintiff, provide a basis upon which to impose liability for this accident. Nor does the fact that he had occasionally visited the premises and requested Coons and Bailey to clean certain debris (with some of those requests followed and some not followed) establish that he retained control over the property.

Cardona, P.J., Spain, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with costs.