T.C. Summary Opinion 2007-116


UNITED STATES TAX COURT


UNNI KRISHNAN NAIR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20772-05S.                    Filed July 9, 2007.


Unni Krishnan Nair, pro se.

<u>Steven N. Balahtsis</u>, for respondent.


NIMS, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, all section references are to the Internal

Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This case arises from a petition for judicial review filed in response to a notice of deficiency. The issues for decision are: (1) Whether petitioner is entitled to a deduction for mortgage interest; (2) whether petitioner is entitled to a deduction for real estate taxes; and (3) whether petitioner is entitled to a casualty loss deduction.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and related exhibits are incorporated herein by this reference.

At the time he filed the petition on November 4, 2005, petitioner resided in the Bronx, New York.

During 2003, the year in issue, petitioner worked as a computer network engineer for Columbia University. Petitioner filed a 2003 Form 1040, U.S. Individual Income Tax Return, which was prepared by a paid tax return preparer. On the return, petitioner claimed dependency exemption deductions for both of his parents.

Petitioner attached to the return a Schedule A, Itemized Deductions, claiming $39,412 in deductions. These deductions included, among other things, $2,459 of real estate taxes, $4,418 of home mortgage interest, and a casualty loss deduction in the

amount of $27,927.  These three deductions all related to a house located at 4026 Bronx Boulevard, Bronx, New York.  The owners listed on the title to this house were Madhu Nair, petitioner's father, and P.J. Sabastin, an unrelated individual.  A mortgage loan on the house had been acquired through Greenpoint Mortgage Funding, Inc. (Greenpoint) in the names of petitioner's parents, Madhu Nair and Saroja Nair.  Greenpoint sent to petitioner's parents a 2003 Mortgage Interest Statement reflecting $4,418.32 of mortgage interest received during 2003 and real estate taxes in the amount of $2,458.89 paid in 2003.

Petitioner started making payments related to the house in 2002, when he started working, and he continued to do so beyond 2003.  Petitioner provided some, but not all, of his bank account statements for 2002, 2003, and 2004, which clearly show that petitioner did make payments to Greenpoint.  These payments were in the following amounts:  $930.16 in May 2003, $965.62 in July 2003, $965.62 in August 2003, $965.62 in September 2003, $965.62 in October 2003, $965.62 in November 2003, $965.62 in December 2003, and $965.62 in January 2004.  In total, petitioner paid $6,723.88 to Greenpoint in 2003.  The mortgage interest statement indicates that Greenpoint received $11,474.27 in payments in 2003.  The record is silent as to who paid the $4,750.39 difference.

The casualty losses that petitioner deducted were due to a fire which severely damaged the Bronx Boulevard house on February 25, 2003. The $27,927 deduction amount reflected a $26,000 loss for destruction of the house ($26,000 cost basis with a $112,350 fair market value before the fire) and $6,500 for petitioner's personal property within the house ($7,500 cost basis with a $6,500 fair market value before the fire), after the applicable limitations. The insurance policy covering the house was canceled effective February 6, 2003, for nonpayment of premium. The named insureds on this policy were petitioner's father and Mr. Sabastin, the record owners of the house. Petitioner submitted some bank statements with an attached letter explaining that he believed some of the checks were for insurance premium payments in 2002, but the statements did not specify to whom the checks were paid, and petitioner did not submit any canceled checks to support his contention.

On August 8, 2005, respondent sent petitioner a statutory notice of deficiency to his last known address. Respondent determined a deficiency in the amount of $3,636. The deficiency adjustments reflected $15 of unreported interest income, which petitioner stipulated that he received, and disallowance of petitioner's claimed deductions for mortgage interest, real estate taxes, and casualty loss for lack of verification.

## Discussion

The Commissioner's determination in a notice of deficiency is generally presumed correct, and the taxpayer has the burden of proving that the determination is erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Tax deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to the deductions claimed on a return. Rule 142(a)(1); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

Under certain circumstances, the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). Petitioner has neither alleged that section 7491(a) applies nor established his compliance with the requirements of section 7491(a)(2)(A) and (B) to substantiate items, maintain records, and cooperate fully with respondent's reasonable requests. Therefore, the burden of proof does not shift to respondent.

Respondent's position is that petitioner cannot claim any of the deductions related to the Bronx Boulevard house because he was not the owner of the property. As we understand his position, petitioner contends that he is entitled to claim these deductions because he paid the mortgage payments and all of the bills associated with the house.

Deduction for Mortgage Interest

In general, section 163 allows a deduction for interest paid or accrued on indebtedness. For taxpayers who are not corporations, section 163(h)(1) disallows a deduction for personal interest. Interest paid on a mortgage secured by a qualified residence, however, is excluded from the definition of personal interest and is therefore deductible. See sec. 163(h)(2) and (3).

To meet the requirements of section 163, the mortgage must be the obligation of the taxpayer claiming the deduction, not the obligation of another. Golder v. Commissioner, 604 F.2d 34, 35 (9th Cir. 1979), affg. T.C. Memo. 1976-150. However, section 1.163-1(b), Income Tax Regs., provides that even if a taxpayer is not directly liable on a mortgage, the taxpayer may nevertheless deduct the mortgage interest paid if he or she is the legal or equitable owner of the property subject to the mortgage. Where the taxpayer does not establish legal, equitable, or beneficial ownership of mortgaged property, we have disallowed the deduction for mortgage interest. See Daya v. Commissioner, T.C. Memo. 2000-360; Song v. Commissioner, T.C. Memo. 1995-446.

Petitioner is not directly liable on the mortgage, as the mortgage interest statement was directed to his parents alone. Petitioner acknowledged that he did not have legal title to the Bronx Boulevard house. Title was in his father's and Mr.

Sabastin's names.  Therefore, petitioner must establish beneficial or equitable ownership in the Bronx Boulevard house in order to be entitled to deduct any mortgage interest payments. See <u>Daya v. Commissioner</u>, <u>supra</u>; <u>Trans v. Commissioner</u>, T.C. Memo. 1999-233; <u>Uslu v. Commissioner</u>, T.C. Memo. 1997-551.

State law determines the nature of property rights, and Federal law determines the tax consequences of those rights. <u>United States v. Natl. Bank of Commerce</u>, 472 U.S. 713, 722 (1985); <u>Blanche v. Commissioner</u>, T.C. Memo. 2001-63, affd. 33 Fed. Appx. 704 (5th Cir. 2002).  Under New York law, a purchaser of property becomes the equitable owner upon entering into a contract for sale of the property.  <u>Dubbs v. Stribling & Associates</u>, 712 N.Y.S.2d 19 (App. Div. 2000), affd. 752 N.E.2d 850 (2001); <u>Edwards v. Van Skiver</u>, 681 N.Y.S.2d 893 (App. Div. 1998).  Petitioner has not alleged, and we find no evidence in the record, that petitioner ever gained an equitable ownership interest in the Bronx Boulevard house.  Petitioner offered no evidence that his father or Mr. Sabastin ever entered into an agreement that would entitle petitioner to an ownership interest in the house.  Therefore, we find that petitioner was not an equitable owner of the Bronx Boulevard house during 2003.

Furthermore, petitioner's situation is not similar to cases where we have held that even though the taxpayer's family member secured the mortgage as an accommodation, the deduction was

appropriate because the taxpayer exclusively had, and was intended to have, the benefits and burdens of ownership. See Trans v. Commissioner, supra; Uslu v. Commissioner, supra. In Trans and Uslu, the taxpayers lived in the houses, made all of the mortgage payments, and paid all other expenses for maintenance and improvements. In addition, the taxpayers in Trans made the downpayment on the purchase.

In the present case, petitioner has not offered evidence that the benefits and burdens he had from the Bronx Boulevard house rose to the level accepted by this Court in Uslu and Trans. Petitioner stated that he made payments related to the house on behalf of his parents, whom he testified were his dependents and had no bank accounts. Petitioner's bank statements show that he made only eight mortgage payments, none before May 2003. Petitioner did not claim he contributed to the downpayment on the house. We have no evidence to support petitioner's claim that he paid the premiums on the insurance policy covering the house. The record is also unclear as to what extent petitioner even lived in the house. Overall, we cannot say that petitioner's actions with respect to the house indicate that he treated the house as his own or that he was intended to have the full benefits and burdens of ownership.

We conclude based on the record that petitioner made payments on his parents' mortgage merely as a way to provide

support for them.  While admirable, this moral obligation to support his parents does not entitle him to deduct the mortgage interest.  See <u>Daya v. Commissioner</u>, <u>supra</u>; <u>Tuer v. Commissioner</u>, T.C. Memo. 1983-441.

Because he was not liable on the Greenpoint mortgage and because he was not the legal or equitable owner of the Bronx Boulevard house, we hold that petitioner was not entitled to a deduction for mortgage interest on his 2003 income tax return.

## Deduction for Real Property Taxes

Section 164 permits a deduction for certain types of taxes, including real property taxes.  Sec. 164(a)(1).  In general, taxes are deductible only by the person upon whom they are imposed.  Sec. 1.164-1(a), Income Tax Regs.  As with mortgage interest, we have held that taxpayers who do not have legal title to property may nevertheless deduct property taxes paid with respect to the property if they establish equitable ownership of the property.  See <u>Trans v. Commissioner</u>, <u>supra</u>; <u>Uslu v. Commissioner</u>, <u>supra</u>.

As previously discussed, petitioner was not a legal or equitable owner of the Bronx Boulevard house in 2003.  Therefore, petitioner is not entitled to deduct property taxes paid on the property.

Casualty Loss Deduction

On his 2003 tax return, petitioner claimed a casualty loss deduction in the amount of $27,927. This claimed loss deduction resulted from a fire that severely damaged the Bronx Boulevard house on February 25, 2003. Petitioner also deducted the loss of his personal property that was inside the house at the time of the fire.

Section 165(a) allows a deduction for any loss sustained during the taxable year and not compensated for by insurance or otherwise. For individuals, section 165(c)(3) allows a taxpayer to deduct a loss from fire, storm, shipwreck, or other casualty, or from theft. The deduction is only allowed to the extent the loss exceeds $100 and the net casualty loss exceeds 10 percent of the taxpayer's adjusted gross income. Sec. 165(h). The amount allowed as a deduction is the lesser of: (1) The difference between the fair market value of the property immediately before and immediately after the casualty; and (2) the adjusted basis in the property. Helvering v. Owens, 305 U.S. 468 (1939); sec. 1.165-7(b), Income Tax Regs.

Inherent in section 165 is the requirement that to claim a deduction for the loss of property, the taxpayer must have been the owner of the property at the time of the loss. Draper v. Commissioner, 15 T.C. 135 (1950); Miller v. Commissioner, T.C. Memo. 1975-110. If the taxpayer is not the owner of the

property, the taxpayer generally cannot claim a deduction for a casualty loss relating to that property. Blanche v. Commissioner, T.C. Memo. 2001-63; see Wayno v. Commissioner, T.C. Memo. 1992-53, affd. without published opinion 12 F.3d 1111 (9th Cir. 1993). In our discussion regarding the mortgage interest deduction, we held that petitioner had no legal or equitable ownership interest in the Bronx Boulevard house during 2003 when the fire loss occurred.

In addition, in order to determine entitlement to a casualty loss deduction, a taxpayer's basis in the damaged or destroyed property must be known. Where a taxpayer fails to prove his basis, we are unable to determine the amount of loss that is deductible. Zmuda v. Commissioner, 79 T.C. 714, 727 (1982), affd. 731 F.2d 1417 (9th Cir. 1984); Millsap v. Commissioner, 46 T.C. 751, 760 (1966), affd. on other issues 387 F.2d 420 (8th Cir. 1968); see, e.g., sec. 1.165-1(c), Income Tax Regs. Petitioner has not proven any tax basis in the Bronx Boulevard house.

Because petitioner did not own the Bronx Boulevard house or establish a tax basis in the house, we hold that petitioner is not entitled to a casualty loss deduction for the fire damage to the house.

Turning to petitioner's personal property allegedly destroyed in the Bronx Boulevard house fire, petitioner has not

adequately proven entitlement to this deduction. The only documentation he provided for this loss was a list of property allegedly destroyed along with dollar amounts representing the value petitioner assigned to each item. This list neither substantiates the loss of the personal property, nor establishes petitioner's tax basis in the property. We therefore hold that petitioner may not deduct any amount for the loss of personal property in the Bronx Boulevard house fire.

Since we have held that petitioner is not entitled to the deductions claimed for mortgage interest, real property taxes, or casualty losses, and since petitioner stipulated that he received the unreported interest income, we uphold respondent's determination in the notice of deficiency.

<u>Decision will be entered</u>

<u>for respondent</u>.