RICHARD A. MARRA, Appellant, v GEORGE B. HUGHES et al., Defendants, and ELLIS HOSPITAL, Respondent. [999 NYS2d 576]—

Lynch, J. Appeal from an order of the Supreme Court (Caruso, J.), entered September 25, 2013 in Schenectady County, which granted a motion by defendant Ellis Hospital for summary judgment dismissing the complaint against it.

This medical malpractice action against, among others, defendant Ellis Hospital (hereinafter defendant) arises out of physical therapy treatment provided to plaintiff by Kevin Laurilla, a physical therapist employed by defendant. In April 2008, plaintiff was evaluated by his primary care physician, defendant George B. Hughes, for complaints of back pain, constipation and stomach bloating. Hughes referred plaintiff to defendant for physical therapy to alleviate the back pain. Plaintiff began treating with Laurilla and, by mid-May, Laurilla determined that plaintiff had made "slow improvement," but continued to function in pain. On May 18, 2008, when plaintiff reported recurring back pain after performing yard work, Hughes ordered continued physical therapy. During the next three sessions with Laurilla, plaintiff's back symptoms worsened. On June 3, 2008, plaintiff reported to Laurilla continued back pain and, for the first time, complained of "difficulty walking" and abdominal symptoms. Laurilla advised plaintiff to contact his doctor if the symptoms continued, but Laurilla did not directly contact Hughes. The next day, plaintiff consulted with Hughes, who diagnosed "constipation" and ordered X rays of his abdomen. On June 6, 2008, plaintiff advised Laurilla that the symptoms continued, with bloating. Laurilla again referred plaintiff to his physician, but again did not directly communicate with Hughes. On June 11, 2008, plaintiff was evaluated by Hughes, who scheduled a CT scan of plaintiff's abdomen for June 13, 2008. During the early morning of June 12, 2008, plaintiff fell. He was hospitalized and diagnosed with an infection in his spine, necessitating emergency surgery. The spinal infection was resolved, but ultimately resulted in paraplegia. This action ensued and, after the completion of discovery, Supreme Court granted defendant's motion for summary judgment dismissing the complaint against it. Plaintiff appeals.

In a medical malpractice action, it is the plaintiff's burden to establish both a deviation from accepted practice and that the deviation was the proximate cause of the injury (*see Suib v Keller*, 6 AD3d 805, 806 [2004]). On this summary judgment motion, defendant was required to establish, through competent evidence, "either that there was no departure from accepted standards of practice in plaintiff's treatment or that any such deviation did not injure plaintiff" (*Rivera v Albany Med. Ctr. Hosp.*, 119 AD3d 1135, 1137 [2014]; *see Cole v Champlain Val. Physicians' Hosp. Med. Ctr.*, 116 AD3d 1283, 1285 [2014]).

There is no dispute here that Laurilla, as a physical therapist, was not required to diagnose the underlying cause of plaintiff's spinal infection. Plaintiff's essential claim is that Laurilla deviated from the accepted standard of care by failing to timely recognize that his symptoms after May 18, 2008 were nonmusculoskeletal in nature and by not directly communicating with Hughes.* Plaintiff asserts that this conduct was a significant factor in delaying the diagnosis of the infection.

As to the duty to report, the parties submitted competing expert affidavits, with defendant's experts opining that Laurilla complied with the standard of care by referring plaintiff to Hughes, and plaintiff's expert asserting that Laurilla had an affirmative duty to directly communicate with Hughes. Viewing the evidence in a light most favorable to plaintiff, the nonmoving party, as we must with a motion for summary judgment, we find that a question of fact has been raised on this issue. We reach a different conclusion, however, as to proximate cause.

Defendant submitted the affidavit of Anthony Marinello, a physician, and Garth Danielson, a licensed physical therapist, who each opined that the treatment provided by Laurilla was appropriate and did not cause or worsen the spinal infection. Marinello pointed out that plaintiff followed Laurilla's directions and promptly reported his symptoms to Hughes, who initiated diagnostic testing. In this context, both experts concluded that Laurilla provided appropriate care. With this showing, defendant met its initial burden of proof as to proximate cause.

---

* Defendant contends that plaintiff did not properly plead his allegation that it breached the standard of care by failing to directly communicate with Hughes. Because defendant raised this argument in reply to plaintiff's response to defendant's summary judgment motion, the argument is preserved for our review (*see State of N.Y. Higher Educ. Servs. Corp. v Upshur*, 252 AD2d 333, 335-336 [1999]). In our view, plaintiff's claim in his verified bill of particulars that defendant, through Laurilla, failed to timely return plaintiff to Hughes' care in light of his ongoing symptoms and complaints, despite treatment, was sufficient to give notice of his theory of liability (*see Hudson v Lansingburgh Cent. School Dist.*, 27 AD3d 1027, 1029 [2006]).

The burden then shifted to plaintiff who submitted the affidavit of a physician, whose name was redacted, who opined that "it [was] likely [the] infection was present for several weeks or more prior to June 12, 2008," and that an earlier diagnosis would have prevented the injury. Correspondingly, plaintiff presented the affidavit of Marcia Miller Spoto, a licensed physical therapist, who opined that Laurilla's failure to timely and directly communicate plaintiff's symptoms to Hughes delayed the ultimate diagnosis. In our view, plaintiff's submissions fail to raise a factual issue as to proximate cause. The determinative point here is that plaintiff directly informed Hughes of his complaints of abdominal pain and related symptoms as instructed by Laurilla, and Hughes initiated diagnostic measures on June 4, 2008. Moreover, plaintiff first informed Hughes of the abdominal complaints in April 2008 and continued to consult with Hughes throughout this time frame. Under these facts, the delay, if any, in diagnosing plaintiff's spinal infection was in no way attributable to Laurilla. Spoto's contrary opinion is simply speculative. As such, Supreme Court properly granted defendant's motion and dismissed the complaint against it for lack of proximate cause (*see Hoffman v Pelletier*, 6 AD3d 889, 890-891 [2004]).

Lahtinen, J.P., McCarthy, Rose and Clark, JJ., concur. Ordered that the order is affirmed, with costs.