■ Kenneths Fine Repairs, LLC, Appellant, v State of New York, Respondent. [21 NYS3d 412]—

McCarthy, J.P. Appeal from a judgment of the Court of Claims (Schaewe, J.), entered July 24, 2014, which, among other things, granted summary judgment to defendant dismissing the claim.

Claimant owns real property in the Town of Fenton, Broome County adjacent to the Interstate 81 (hereinafter I-81) and Interstate 88 (hereinafter I-88) connector. That connector contains a drainage system that was designed and installed by defendant and that carries water and runoff to claimant's property, through which the water then flows into the Chenango River. Claimant redesigned the water runoff system on its property by installing a buried drainage pipe to carry the aforementioned water supply to the river.[1]

In October 2011, claimant commenced an action in the Court of Claims to recover for damage to the drainage pipe that it had installed and other damages related to the fact that such drainage pipe had become clogged, causing flooding. In August 2013, claimant commenced a second action in the Court of Claims for alleged damages stemming from the continued discharge from the connector drainage system onto its property. After the claims were consolidated, claimant moved for summary judgment on the issue of liability. The Court of Claims

---

1. In relationship to improvements to claimant's property generally, there is some ambiguity in the record regarding whether certain actions were taken by claimant or its predecessor in ownership. Since that distinction is irrelevant for the purposes of this legal analysis, all improvements to claimant's real property are attributed to claimant.

denied claimant's motion, searched the record and granted defendant summary judgment dismissing the claim (see CPLR 3212 [b]), finding that the record established as a matter of law that defendant no longer owned the connector drainage system and was otherwise not negligent. Claimant appeals.

Contrary to claimant's initial contention, it was not entitled to any additional notice that the Court of Claims intended to search the record to determine whether summary judgment was warranted for either party. CPLR 3212 (b) provided claimant with notice that its motion for summary judgment would empower the court to consider whether judgment as a matter of law in favor of defendant was warranted, and the statute requires no further notice to claimant. Further, defendant's contention that summary judgment was premature because additional discovery is required is unavailing. That argument is unpreserved given that claimant did not seek additional discovery; instead, claimant took a directly contrary position by moving for summary judgment on the issue of liability (see Hush v Taylor, 84 AD3d 1532, 1533 [2011]).

In addition, the Court of Claims properly granted defendant summary judgment dismissing the claim. In general, a landowner's liability for the condition of real estate expires when he or she transfers possession and control of that real estate (Conneely v Herzog, 33 AD3d 1065, 1066 [2006]; Edwards v Van Skiver, 256 AD2d 957, 958 [1998]). As is relevant here, a narrow exception to this rule exists if the transferor created a defective structure that remains on the property and poses an unreasonable risk of harm due to its design (see Fizzinoglia v Town of Austerlitz, 94 AD3d 1381, 1383 [2012]; Fetter v De-Camp, 195 AD2d 771, 772 [1993]). For a claimant to prevail on such a theory, he or she must also establish that such a defective design was a substantial factor in causing the alleged injuries (see Hoover v New Holland N. Am., Inc., 23 NY3d 41, 54 [2014]; Barclay v Techno-Design, Inc., 129 AD3d 1177, 1178 [2015]).

Defendant's submissions included sworn statements from three engineers. William Bagley, an engineer employed by the Department of Transportation (hereinafter DOT), explained that the design of the connector's culvert and related systems has been allowing water, and any attendant debris, to flow across claimant's property since at least 1962. According to Bagley, there were no known reports of backup or flooding until claimant installed its own drainage pipe to carry the water across its property. Bagley further explained that, when claimant excavated that drainage pipe, the flooding went away.

Based on these facts, Bagley concluded that claimant's actions in installing and maintaining the drainage pipe caused the flooding.

James Massar, the resident engineer of Broome County, opined that, in his review of DOT records, there were no problems reported with the drainage system until after claimant installed the drainage pipe. He further explained that, when that drainage pipe was excavated, the pipe was damaged and collapsing. Based on this information, Massar concluded that the installation of the drainage pipe and the failure to maintain it caused the flooding.

Richard Bassler, an engineer for the Town of Fenton, also opined that claimant caused the flooding. Specifically, Bassler explained that the collapse of the drainage pipe was caused by improper bedding that claimant had placed on top of the pipe. Bassler explained that this collapse, rather than any gradual deposit of debris, caused the backup. Even when viewing this evidence in the light most favorable to claimant, such expert evidence made a prima facie showing that any defect in defendant's design of the connector drainage system was not a substantial factor in causing the flooding. Claimant failed to raise a triable issue of fact in regard to proximate cause given that it offered no expert evidence attributing the flooding, even in part, to defendant's design (*see Marra v Hughes*, 123 AD3d 1307, 1309 [2014]; *Cohen v Kalman*, 54 AD3d 307, 307 [2008]). Accordingly, the Court of Claims properly granted summary judgment to defendant on the cause of action for damages related to the pipe and flooding.

Further, we also find unavailing claimant's additional contention that defendant failed to establish as a matter of law that it did not negligently damage claimant's property when it entered claimant's land to address the flooding. Even affording claimant's pleadings a liberal construction, no reasonable reading of those claims asserted a theory of liability based on any damages that defendant caused in its attempts to abate the flooding that occurred.[2] A claimant "may not defeat a motion for summary judgment on the ground that [it has] a cause of action not alleged in the [claim]" (*Barber v Daly*, 185 AD2d 567, 570 [1992]; *see Hassan v Bellmarc Prop. Mgt. Servs., Inc.*, 12 AD3d 197, 198 [2004]). Claimant's remaining contentions are without merit.

---

2. Further, such a cause of action is not even inferable from claimant's motion for summary judgment. The owner of claimant averred that, after the flooding occurred, defendant brought an excavator onto his land, that the excavator turned out to be broken, and that defendant removed the excavator from claimant's property "without using it."

Rose, Lynch and Devine, JJ., concur. Ordered that the judgment is affirmed, without costs.

