CATHERINE FARRAGHER, Individually and as Administratrix of the Estate of JOHN C. FARRAGHER, Deceased, et al., Respondents, *v.* CITY OF NEW YORK et al., Defendants, and NAZWIN ASSOCIATES, INC., et al., Appellants.

First Department, December 20, 1966.

*Solomon Boneparth* of counsel (*Tropp & Steinbock,* attorneys), for Nazwin Associates, Inc., appellant.

*John P. Carson* of counsel (*Joseph L. Schilling,* attorney), for Dora Browning Donner Ide and another, appellants.

*Murray L. Lewis* of counsel (*Harry H. Lipsig,* attorney), for respondents.

RABIN, J.  Defendants-appellants, the executors of John J. Ide (hereinafter called vendor) and Nazwin Associates (hereinafter called vendee) appeal from a judgment against them in a wrongful death action.

Decedent, a fireman, succumbed while fighting a fire on July 12, 1962, at 390 Broadway, New York City.  It has been established that the death of the fireman was caused by the failure of the premises to have a sprinkler system as required by law.  At the time of the fire, title was in Nazwin, the vendee, it having been acquired by conveyance, from Ide, the vendor, on June 4, 1962, pursuant to a contract of sale made on April 26, 1962.

About 1½ years before the fire, while the vendor still owned the premises, a violation had been registered against the building for failure to have an automatic sprinkler system installed.  Although the vendor took some initial steps towards the removal of this violation, it was still outstanding at the date title passed.

The contract of sale contained the following provision:  " The purchaser agrees to take title subject to the violation pending in the Fire Department under No. 490273, requiring an approved automatic sprinkler system throughout the building."  It is clear, therefore, that at the time title passed, the vendee was cognizant of the outstanding violation.  It should be noted that it is conceded that it would take about 90 days to install a sprinkler system of sufficient adequacy to have the violation removed.

There is no question in this case as to liability to plaintiff, for both appellants have stipulated that such liability has been

established. The issue between appellants is as to which of the two should be held liable in the circumstances of this case. Of course, while conceivably under certain circumstances both could have been held liable, we hold that in the circumstances of this case, only the vendor should be held liable.

Disregarding for a moment the clause in the contract whereby the vendee took subject to the existing violation, under the common law it was held that a vendee could be held liable for injuries sustained as the result of a dangerous condition of the premises, even though such condition pre-existed the time of conveyance. (Prosser, Torts [3d ed., 1964], § 62; Restatement, Second, Torts, § 352 [1965].) To this doctrine one exception has been rigidly applied. Where there is an undisclosed condition, and the vendee has no knowledge of this condition, or where the vendor actively conceals it, the liability remains with the vendor until the vendee has had a reasonable time to discover and remedy it. (*Pharm* v. *Lituchy*, 283 N. Y. 130; *Kilmer* v. *White*, 254 N. Y. 64; Restatement, Second, Torts, § 353 [1965].) This principle should be equally applicable where the vendee has knowledge of the dangerous condition at the time of the conveyance, but sufficient time has not elapsed at the time of the accident to allow the vendee to remedy the defect (see *Rufo* v. *South Brooklyn Sav. Bank*, 268 App. Div. 1057). There is no basis to hold the vendee liable for a defect until a reasonable time to cure such defect has elapsed unless there be an assumption of liability.

In such circumstances, liability should remain with the vendor — the person who created the danger, or who was responsible for its continuance. As stated in *Kilmer* v. *White* (*supra*, p. 71) '' it would be abhorrent to our notions of justice to relieve the vendor before fixing liability on the vendee.'' Until liability passes to the new owner, the onus should remain with the old.

It being conceded that it would take about 90 days to install a proper sprinkler system, it cannot be said that the vendee did have a reasonable time in which to cure the dangerous condition that existed at the time of the conveyance. We may not charge the vendee with the running of time commencing with the date of the contract.* It is not to be expected that the vendee would commence installing such a system before it took title. The signing of a contract to purchase is no assurance that title will pass. Moreover, in the case at hand, the installation of a sprinkler system requires a permit, and such permit may only be

---

* It should be noted that 90 days did not elapse from the time the contract was signed on April 26, 1962 to the date of the fire, July 12, 1962.

obtained by the owner of the premises. (Administrative Code of City of New York, § C26–1336.0.)

However, the vendor urges freedom from liability and the imposition of liability on the vendee by virtue of the clause in the contract which provided that the vendee agrees to take title subject to the existing violation. We hold that that clause is not an assumption of responsibility on the part of the vendee for any consequences of the existence of the violation. The effect of that provision was merely that the outstanding violation would not be a ground for the rejection of title.

Accordingly, the judgment of Special and Trial Term should be modified, on the law and on the facts, to dismiss as against Nazwin, with costs and disbursements against plaintiff as to Nazwin, and as modified the judgment should be affirmed, with costs and disbursements to plaintiff as against the Ide Estate.

BOTEIN, P. J., BREITEL, STEVENS and BASTOW, JJ., concur.

Judgment unanimously modified, on the law and on the facts, to dismiss as against Nazwin, with costs and disbursements against plaintiff as to Nazwin, and, as so modified, the judgment is affirmed, with costs and disbursements to plaintiff as against the Ide Estate. Settle order on notice.