■ Jean Zimmerman et al., Respondents, v Gaines Service Leasing Corp. et al., Respondents, and Ronart Leasing Corp., Appellant. [671 NYS2d 260] —Judgment, Supreme Court, New York County (Marylin Diamond, J.), entered September 23, 1996, inter alia, entitling plaintiffs to recover a total sum of

$104,854.99 from defendant-appellant, and bringing up for review orders of the same court and Justice, entered February 7, 1996 and on or about August 27, 1996, which, *inter alia*, denied defendant-appellant's motion for an order setting aside the jury verdict and denied defendant-appellant's cross motion to limit its liability pursuant to CPLR article 16, unanimously modified, on the law, to indicate that liability for non-economic loss is several only, and to allow defendant Ronart a collateral source credit of $7,671.12 for economic loss and the matter remanded for resettlement of the judgment, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered November 26, 1996, denying defendant-appellant's motion to vacate or resettle the September 23, 1996 judgment, unanimously dismissed, without costs, as academic in view of the foregoing. Appeals from the February 7, 1996 and August 27, 1996 orders unanimously dismissed, without costs, as subsumed within the appeal from the September 23, 1996 judgment.

We do not reach appellant's contention in reliance upon *Eaves Brooks Costume Co. v Y.B.H. Realty Corp.* (76 NY2d 220) that its duty extended no further than the cab company with whom it contracted to install the taxi meter, and, concomitantly, that it had no duty to plaintiff passenger with whom it was not in privity. The argument is raised for the first time on appeal and is not appropriately addressed in the absence of a fully developed factual record (*see, City of New York v Stack*, 178 AD2d 355, *lv denied* 80 NY2d 753). Among the considerations relevant to a determination of the extent of defendant-appellant's duty as an installer of taxi meters are "the reasonable expectations of the defendants and the reasonable reliance of the plaintiff" (*Hagan v Comstat Sec.*, 214 AD2d 435, 436) and the magnitude of the defendant's contractual undertaking (*supra*). As the matter is presented, however, there are no facts of record to inform our consideration of these and other relevant issues.

Respecting those issues that are properly preserved for our review, we disagree with defendant-appellant's contention that the opinion of plaintiffs' expert was based on facts found neither in the evidence nor in the expert's personal experience (*see, Herzog v Miller*, 236 AD2d 517, 518), and we find no basis to disturb the trial court's denial of the motion to set aside the verdict since the verdict was not " ' "palpably wrong" ' " (*Johnson v Oval Pharmacy*, 165 AD2d 587, 593, *lv denied* 78 NY2d 859).

We modify the judgment to reflect that, pursuant to CPLR

article 16, since no party has been found more than 50% at fault, each responsible party should be held accountable only for that party's equitable share of the amount assessed for non-economic loss. We further modify the judgment to allow a $7,671.12 credit in favor of defendant Ronart for economic loss inasmuch as defendant Neon has not asserted a claim and has ceased making first-party payments. Inasmuch as nothing in the record contradicts the trial court's statement that in a conference "the parties agreed that the amounts stated in the judgment are correct", we find no reason to disturb any other aspect of the judgment. Concur—Sullivan, J. P., Rosenberger, Nardelli, Rubin and Andrias, JJ.