■ MONETTE ARMSTRONG et al., Appellants, v OGDEN ALLIED FACILITY MANAGEMENT CORPORATION, Respondent, et al., Defendant. [722 NYS2d 503] —Order of the Appellate Term of the Supreme Court, First Department, entered April 14, 1999, which affirmed an order of the Civil Court, New York County (Marcy Friedman, J.), entered on or about March 31, 1998, granting defendant Ogden's motion for summary judgment, unanimously reversed, on the law, without costs, the motion denied, the complaint reinstated and the matter remanded for trial.

The female plaintiff allegedly sustained injury from a fall when she tripped over a metal clip protruding from the floor of

the Javits Convention Center in January 1992. The clip was of a type used to secure the covers of floor boxes containing electrical wiring or plumbing throughout the building; these clips would occasionally work loose when adhesive-backed carpeting was pulled up. The building maintenance supervisor had been generally aware of this problem for about two years prior to the accident, although it had never been noted in this particular area of the building, which was less frequently used.

The accident occurred shortly after management of the building changed hands. Defendant Ogden had relinquished management responsibilities just one week earlier. In the order affirmed by Appellate Term, Civil Court dismissed the complaint as against Ogden, on the ground that the record did not support the narrow exception for liability on the part of a former manager.

Generally, liability for a defective condition on premises does not attach to a prior owner or managing agent, except where a dangerous condition may have existed at the time of the conveyance and the new owner or manager has not had reasonable time to discover and remedy the defect (*cf.*, *Bittrolff v Ho's Dev. Corp.*, 77 NY2d 896, 898). In those rare instances where the exception is sustained, "[u]ntil liability passes to the new owner, the onus should remain with the old." (*Farragher v City of New York*, 26 AD2d 494, 496, *affd* 21 NY2d 756.) As a general proposition, the controller of premises cannot be held liable for a defect unless he had either actual or constructive notice of the hazard (*Piacquadio v Recine Realty Corp.*, 84 NY2d 967). In the case at bar, there was no actual notice because no one had complained of a defect where the accident took place. But a trier of facts could find constructive notice, based upon the similar hazardous condition that was known to have existed for at least two years elsewhere in the building (*Gutz v County of Monroe*, 221 AD2d 838, 839). A plaintiff carries the burden at trial of convincing the trier of facts, even by circumstantial evidence, of at least constructive notice of an ongoing dangerous condition (*Negri v Stop & Shop*, 65 NY2d 625). On the other hand, in order to obtain summary judgment, the defendant must demonstrate that the plaintiff will be unable to satisfy that burden at trial (*O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106). Since Ogden failed to make that showing, its motion should have been denied. Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Wallach and Buckley, JJ.