■ ENID GRAMAZIO, Respondent, v 370 LEXINGTON AVENUE, L.L.C., et al., Appellants, and CITY OF NEW YORK, Respondent. [836 NYS2d 84]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered September 14, 2006, which, in an action for personal injuries sustained in a trip and fall on the sidewalk in front of a building owned by defendant-appellant I & G Lexington L.L.C. (I & G) and previously owned and managed by defendants-appellants 370 Lexington Avenue, L.L.C. and Murray Hill Property Management (collectively, 370), denied I & G's and 370's motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiff tripped over broken concrete that was the alleged result of a failure to maintain an oil fill cap and box that were embedded in and underneath the sidewalk and had not been used for many years. 370 argues that it is entitled to summary judgment because a prior owner generally cannot be held liable for a dangerous condition. I & G argues that it is entitled to summary judgment because, having taken title to the building only two days before the accident, as a matter of law it did not have a sufficient period of time to discover the unknown, "vestigial special use" oil fill cap and box and remedy the also unknown sidewalk defect. While liability for a dangerous condition on land generally does not extend to a prior owner, a narrow exception exists where the condition "existed at the time of the conveyance and the new owner has not had a reasonable time to discover the condition, if it was unknown, and to remedy the condition once it is known" (*Bittrolff v Ho's Dev. Corp.*, 77 NY2d 896, 898 [1991]). Further, where the prior owner does not disclose a dangerous condition, and the new owner has no knowledge of it, "liability remains with the [prior owner] until the [new owner] has had a reasonable time to discover and remedy it" (*Farragher v City of New York*, 26 AD2d 494, 496 [1966], *affd* 21 NY2d 756 [1968]). Here, evidence that I & G's engineers conducted multiple inspections of the premises before the sale raises an issue of fact as to whether the broken sidewalk was, as I & G claims, latent and undiscoverable. Should that issue be resolved in I & G's favor, i.e., if it is found that I & G did not have notice of the danger before taking title, and that its two-day ownership of the premises was insufficient for it to discover and remedy the danger, then liability would remain with 370. Concur—Tom, J.P., Williams, McGuire, Malone and Kavanagh, JJ.