■ OP SOLUTIONS, INC., Appellant, v CROWELL & MORING, LLP, Respondent. [900 NYS2d 48]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered October 27, 2009, which, insofar as appealed from, in an action alleging breach of a licensing agreement, granted defendant's motion to dismiss the third and fourth causes of action alleging fraud and negligent misrepresentation, unanimously affirmed, with costs.

It is well settled that "a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]; *see also New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 316 [1995]). Here, in addition to the fraud cause of action not being pleaded with sufficient detail (CPLR 3016 [b]), plaintiff's causes of action for fraud and negligent misrepresentation are not separate and apart from its claim for breach of contract. The claims are predicated upon precisely the same purported wrongful conduct as is the claim for breach of contract inasmuch as they all involve defendant's disclosure of plaintiff's purported proprietary and confidential information to a consultant (*see Greenman-Pedersen, Inc. v Levine*, 37 AD3d 250 [2007]). The claim for negligent misrepresentation is also defective in the absence of a special relationship of confidence and trust between the parties (*cf. Fresh Direct v Blue Martini Software*, 7 AD3d 487, 489 [2004]). Concur—Nardelli, J.P., McGuire, Acosta, Freedman and Román, JJ.