■ CADY SMITH, Appellant, v NORTHERN LIGHTS LAND COMPANY, LLC, Doing Business as HOWARD JOHNSON INN & SUITES, et al., Defendants, and LODGING UNLIMITED, INC., Respondents.
[916 NYS2d 255]—

Kavanagh, J. Appeal from that part of an order of the Supreme Court (Coccoma, J.), entered August 24, 2009 in Otsego County, which, upon reargument, granted a motion by defendant Lodging Unlimited, Inc. for summary judgment dismissing the complaint against it.

On February 26, 2006, plaintiff was sexually assaulted by a patron of the motel where she worked as a clerk. She commenced this action against, among others, defendant Northern Lights Land Company, LLC, owner and operator of the motel, and defendant Lodging Unlimited, Inc., a management company that, prior to the assault, provided management services to the motel, alleging that each entity was negligent in failing to maintain the premises in a reasonably safe condition and, as a result, she was assaulted and injured. Northern Lights moved for summary judgment, arguing that it was plaintiff's employer and, since she was eligible for workers' compensation benefits at the time of the assault, her claim against it must be dismissed. Lodging Unlimited also moved for summary judgment, arguing that it was not liable because, when the assault occurred, it had severed its relationship with the motel and was no longer its managing agent. Initially, Supreme Court granted Northern Lights' motion and dismissed the complaint against it. At the same time, the court denied Lodging Unlimited's motion for summary judgment as moot. When plaintiff moved to reargue, the court reinstated her claim against Northern Lights,* but dismissed plaintiff's complaint against Lodging Unlimited because it was not the managing agent of the motel at the time of plaintiff's assault and, therefore, was not legally responsible for her injuries. Plaintiff now appeals from that part of the order as granted Lodging Unlimited's motion.

---

* Supreme Court withheld decision on Northern Lights' motion until the Workers' Compensation Board determined in the first instance whether workers' compensation benefits were plaintiff's sole remedy (*see generally Matter of Smallwood v Mereda Realty Corp.*, 75 AD3d 873 [2010]).

We affirm. Lodging Unlimited had ceased managing the motel when its contract with Northern Lights ended in November 2005—some three months prior to the assault. "As a general rule, liability for dangerous conditions on land does not extend to a prior owner of the premises. A narrow exception exists, however, and liability may be imposed where a dangerous condition existed at the time of the conveyance and the new owner has not had a reasonable time to discover the condition, if it was unknown, and to remedy the condition once it is known" (*Bittrolff v Ho's Dev. Corp.*, 77 NY2d 896, 898 [1991] [citation omitted]; *see Slomin v Skaarland Constr. Corp.*, 207 AD2d 639, 641-642 [1994]; *Young v Hanson*, 179 AD2d 978, 978-979 [1992]). While this exception has been found under certain circumstances to apply to a managing agent of a property (*see Armstrong v Ogden Allied Facility Mgt. Corp.*, 281 AD2d 317, 318 [2001]), we find on the present circumstances that it does not apply here.

After Lodging Unlimited ended its association with the property, it appears that Northern Lights—as owner of the premises—assumed responsibility for managing the motel and was serving in that capacity on the date of plaintiff's assault. Since it owned the property before, during and after Lodging Unlimited had managed the premises, Northern Lights, as noted by Supreme Court, had ample time to discover and address any dangerous condition that may have existed on the property prior to plaintiff's assault. Moreover, as owner, Northern Lights had a nondelegable duty to maintain the premises in a reasonably safe condition (*see generally Gerbino v Tinseltown USA*, 13 AD3d 1068, 1071-1072 [2004]) during the entire time it owned the property, and not simply after Lodging Unlimited ceased managing it. As such, we agree with Supreme Court that Lodging Unlimited was entitled to summary judgment dismissing the claims against it.

Peters, J.P., Rose, Lahtinen and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.