■ In the Matter of QUIVER ROCK, LLC, Appellant, v NEW YORK STATE ADIRONDACK PARK AGENCY et al., Respondents. [941 NYS2d 340]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Aulisi, J.), entered March 18, 2011 in Hamilton County, which, in a combined proceeding pursuant to CPLR article 78 and ac-

tion pursuant to RPAPL article 15, granted a motion by respondent Adirondack Park Agency to dismiss the amended petition against it.

Petitioner and respondent Glenn T. Angell own adjoining parcels on the shores of Lake Pleasant in the Village of Speculator, Hamilton County. Petitioner's property is allegedly benefitted by a 250-foot beach easement on Angell's property, and Angell's property is also burdened by restrictive covenants regarding the location of structures on the parcel as well as uses in the parcel's wetlands. In June 2010, respondent Adirondack Park Agency (hereinafter APA) issued a project permit to Angell approving his application to construct a single-family dwelling, a dock, and a footpath to the lake that included a footbridge of less than 100 square feet crossing a section of the parcel's wetlands. In August 2010, petitioner commenced this combined CPLR article 78 proceeding and RPAPL article 15 action against Angell and the APA, which included numerous causes of action against Angell and one cause of action against the APA. As relevant to this appeal, petitioner asserted that the permit issued by the APA empowered Angell to engage in construction activities that violate the easement and restrictive covenants and, further, that the APA issued the permit without making findings required by its own regulation. The APA made a pre-answer motion to dismiss the amended petition as to it, which Supreme Court granted. Petitioner appeals.

When presented with a motion to dismiss pursuant to CPLR 3211 (a) (7), "we must accept as true the facts as alleged in the [petitioner's pleadings] and submissions in opposition to the motion, accord [the petitioner] the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (*Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414 [2001]; *see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). While we find that the first of petitioner's two theories was properly dismissed since it urges a ground that lacks any legal viability, petitioner's second theory was sufficient to survive dismissal under the liberal test employed on a CPLR 3211 motion.

Petitioner's first theory contends that the APA permit created a cloud on its title because the permit authorized construction activities by Angell that petitioner asserts are prohibited by the easements and restrictive covenants. This contention is meritless. "The use that may be made of land under a zoning ordinance and the use of the same land under an easement or restrictive covenant are, as a general rule, separate and distinct

matters, the ordinance being a legislative enactment and the easement or covenant a matter of private agreement" (*Matter of Friends of Shawangunks v Knowlton*, 64 NY2d 387, 392 [1985] [citations omitted]; *accord Chambers v Old Stone Hill Rd. Assoc.*, 1 NY3d 424, 432 [2004]). Petitioner urges that this settled law is inapplicable to the APA since its permits are recorded with the county clerk and, according to the APA's regulations, such recordation provides "actual notice of the right to undertake the project and of the terms and conditions imposed by the permit. The right shall extend to, and the terms and conditions of the permit shall be binding upon, the landowner and all subsequent grantees of the land area subject to the permit" (9 NYCRR 572.21 [b]). This language simply means that the applicant's project complies with the relevant statutes administered by the APA and that subsequent grantees are put on notice of the permit and its terms. The regulation does not purport to address or affect in any fashion private covenants or easements that may also limit the use of the land.

Next, we consider petitioner's argument that it sufficiently stated a cause of action challenging the permit upon the ground that the APA acted arbitrarily because it failed to make findings required by 9 NYCRR 578.10.* Where an entity charged with determining land use applications fails to make a finding required by the governing code, regulation or statute, the entity's determination may be subject to annulment (*see Matter of Delaney v Zoning Bd. of Appeals of Town of Cornwall*, 298 AD2d 584, 585 [2002]; *Matter of Yellow Lantern Kampground v Town of Cortlandville*, 279 AD2d 6, 12 [2000]). Here, petitioner's allegations in the petition and its submissions in response to the APA's motion set forth sufficient facts, when accorded the benefit of every favorable inference, to constitute a cognizable theory. To the extent that the APA attempted to show it complied with the pertinent regulation by relying in part on an affidavit from one of its attorneys, such proof can be properly considered after its answer is served (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 636 [1976]; *Matter of Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities*, 81 AD3d 145, 148 [2011]), but was insufficient to merit CPLR 3211 dismissal (*cf. Balunas v Town of Owego*, 56 AD3d 1097, 1098 [2008], *lv denied* 12 NY3d 703 [2009]).

Petitioner's remaining arguments, to the extent they are properly before us, are unavailing.

Mercure, A.P.J., Spain, Stein and McCarthy, JJ., concur.

---

* An issue regarding petitioner's standing that was asserted by the APA in its motion to dismiss was withdrawn prior to Supreme Court's decision.

Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted the motion of respondent Adirondack Park Agency dismissing that portion of the amended petition alleging that said respondent acted arbitrarily in failing to make findings required by its regulation; motion denied to that extent and matter remitted to the Supreme Court to allow said respondent to serve an answer within 20 days of this Court's decision; and, as so modified, affirmed.