Stein, J.
Appeal from an order of the Supreme Court (Tait, J.), entered June 22, 2011 in Broome County, which granted a motion by defendants BRRS Associates and Parkway Plaza, LLC to dismiss the complaint against them.
Defendant BRRS Associates and defendant Parkway Plaza, LLC (hereinafter collectively referred to as defendants) each owned adjacent parcels of land fronting on Ozalid Road in the Town of Vestal, Broome County. The parcel owned by BRRS was subject to an easement granted to New York Telephone Company. Pursuant to that easement, the telephone company constructed a communications equipment vault on the BRRS property. In 1995, the Town abandoned, for public roadway purposes, the portion of Ozalid Road upon which defendants’ parcels fronted and title to each portion was transferred from the Town to each of them, respectively. Defendants thereafter removed the pavement from the portions of Ozalid Road fronting their parcels of land, regraded the former roadbed and planted grass and other vegetation thereon. BRRS conveyed its parcel to Parkway Plaza in 1996 and Parkway Plaza transferred both parcels to the current owner, defendant Vestal Parkway Plaza, LLC, in 2003.
In November 2007, plaintiff Eric Scheffield (hereinafter plaintiff), an employee of Verizon New York, Inc.,[1] allegedly sustained injuries when he slipped and fell on the former roadbed property previously owned by defendants, as he was attempting to access the equipment vault. Plaintiff and his wife, derivatively, commenced this action against defendants and Vestal in November 2010 alleging, among other things, that defendants and Vestal breached their duty to plaintiff by creating a dangerous condition on the property and by failing to maintain the property in a reasonably safe condition. Defendants moved to dismiss the complaint against them for failure to *993 state a cause of action. Plaintiffs now appeal from Supreme Court’s order granting that motion.[2]
We reverse. When ruling on a motion to dismiss pursuant to CPLR 3211 (a) (7), “the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one” (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; see Simkin v Blank, 19 NY3d 46, 52 [2012]; Leon v Martinez, 84 NY2d 83, 88 [1994]). In determining whether a complaint states a cause of action for purposes of such a motion, we must accept the facts alleged in the pleading as true, confer on the plaintiff the benefit of every possible inference and determine whether the facts as alleged fit within any cognizable legal theory (see Simkin v Blank, 19 NY3d at 52; Leon v Martinez, 84 NY2d at 88; Matter of Quiver Rock, LLC v New York State Adirondack Park Agency, 93 AD3d 1135, 1136 [2012]).
It is well settled that a prior owner of premises may not be held liable for a dangerous condition on the land where “a dangerous condition existed at the time of the conveyance and the new owner has . . . had a reasonable [amount of] time to discover the condition, if it was unknown, and to remedy the condition once it is known” (Bittrolff v Ho’s Dev. Corp., 77 NY2d 896, 898 [1991]; accord Smith v Northern Lights Land Co., LLC, 80 AD3d 964, 965 [2011]). However, a prior owner who affirmatively created the alleged dangerous condition will not be absolved from liability (see Marrero v Marsico, 218 AD2d 226, 229 [1996]).
Here, Supreme Court correctly determined that no cause of action exists against defendants under the theory that they failed to maintain the property in a reasonably safe condition (see Smith v Northern Lights Land Co., LLC, 80 AD3d at 965). At the time of plaintiff’s injury, approximately 11 years had passed since BRRS last owned the property and more than four years had elapsed since Parkway Plaza owned any interest therein. In response to defendants’ motion to dismiss, plaintiffs failed to adequately set forth facts demonstrating that defendants retained any control over the property, that they concealed the allegedly dangerous condition or that Vestal did not have ample time to discover and address such condition, so as to defeat the motion (see id.; Restatement [Second] of Torts § 353; see generally Lockheed Martin Corp. v Aatlas Commerce, Inc., 283 AD2d 801, 804 [2001]).
We cannot agree, however, that plaintiffs failed to state a *994 cause of action based upon defendants’ alleged creation of a dangerous condition on the property.[3] The complaint specifically alleges that “ [defendants breached their duty by removing the pavement from the former Ozalid Road, regrading the former road bed, and planting and maintaining grass and other vegetation thereon, thereby depriving plaintiff . . . of a safe means of access to the communication equipment and vault, and thereby creating a dangerous condition.” The complaint further alleges that “[a]s a result of the removal of the pavement from the former . . . roadway, and the failure to provide alternate reasonable access to the vault, employees ... of Verizon must park their vehicles distant from the vault, and traverse, with their tools, across a sloped grassy surface to the vault.” In our view, these allegations, when accorded the benefit of every favorable inference, are sufficient to set forth a claim upon which, if proven, relief may be granted.[4] Thus, the complaint should not have been dismissed against defendants.
Mercure, J.P., Spain, McCarthy and Garry, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.

. Verizon is the successor to New York Telephone Company.

. Vestal is not a party to this appeal.

. We note that the complaint contains only two separate causes of action—one against all three defendants on behalf of plaintiff and the other against all three defendants on behalf of plaintiffs wife, derivatively.

. Given the early stage of this litigation, it is entirely premature to make any determination with regard to such issues as the existence of a dangerous condition or who actually created it.