Rose, J.P.
Appeal from an order of the Supreme Court (Ferradino, J.), entered March 13, 2012 in Saratoga County, which granted a motion by defendant Sub-K Holdings, LLC for summary judgment dismissing, among other things, the complaint against it.
Plaintiff, an employee of defendant Scotland Holdings, LLC (hereinafter the vendee), was sexually assaulted by Anthony Miller, a fellow employee, while they were both working at a sandwich shop. The assault occurred 10 days after the vendee purchased the shop premises and took over operations from defendant Sub-K Holdings, LLC (hereinafter the vendor). Plaintiff commenced this action alleging, among other things, that the vendor, who had previously employed Miller, should have been aware of Miller’s history of sexually harassing female employees and should have either terminated his employment or warned the vendee against hiring him. After joinder of issue and some discovery, the vendor moved for summary judgment dismissing the complaint against it on the ground that it could not be held liable for Miller’s conduct after it sold the premises and terminated his employment. Supreme Court granted the motion and plaintiff appeals.
Plaintiff expressly disavows seeking to hold the vendor liable based on its employment relationship with Miller. She argues instead that this is a premises liability case that involves the narrow exception allowing liability to be imposed on a previous owner “where a dangerous condition existed at the time of the conveyance and the new owner has not had a reasonable time to discover . . . and to remedy the condition” (Smith v Northern Lights Land Co., LLC, 80 AD3d 964, 965 [2011] [internal quota *1113 tion marks and citations omitted]; accord Young v Hanson, 179 AD2d 978, 978-979 [1992]). According to plaintiff, the dangerous condition here was Miller’s employment, and she contends that there are issues of fact as to whether the vendee had sufficient time to discover and remedy that condition. Even accepting that Miller’s employment was a dangerous condition on the premises and that the vendor had notice of that condition, the evidence in the record establishes that the vendor terminated all of its employees at that location, including Miller, at the time the premises were conveyed. Further, there is uncontradicted evidence in the record that the vendor had no knowledge that the vendee would hire any of the vendor’s former employees after the sale. Thus, there can be no causal connection between the vendor’s prior employment of Miller and his subsequent assault of plaintiff while employed by the vendee. Put another way, the allegedly dangerous condition was remedied by the vendor at the time of the conveyance and, accordingly, the narrow exception on which plaintiff relies does not apply (see generally Bittrolff v Ho’s Dev. Corp., 77 NY2d 896, 898 [1991]; Smith v Northern Lights Land Co., LLC, 80 AD3d at 965; Farragher v City of New York, 26 AD2d 494, 496 [1966], affd on op below 21 NY2d 756 [1968]).
Lahtinen, Stein and Egan Jr., JJ., concur.
Ordered that the order is affirmed, with costs.