Alex Torok Jr., et al., Respondents, v Moore's Flatwork & Foundations, LLC, Appellant. [966 NYS2d 572]—

McCarthy, J. Appeal from an order of the Supreme Court (Meyer, J.), entered May 29, 2012 in Essex County, which, among other things, denied defendant's motion to dismiss the complaint.

Plaintiffs received a proposal from defendant for the construction of footings and a foundation for a new home on plaintiffs' property. Plaintiff Alex Torok Jr. signed the proposal and plaintiffs paid a down payment to defendant. After defendant set the footings, poured the foundation and asserted that the work was complete, plaintiffs discovered that defendant had failed to set some of the footings as called for in their plans. To remedy the situation, plaintiffs hired an engineer and new contractors to remove part of the existing foundation, add the missing footings, reinstall heating pipes and pour a new foundation. Plaintiffs commenced this action alleging breach of contract, negligent performance, fraudulent misrepresentation and breach of warranty. Defendant moved to dismiss the complaint on the ground that, among other things, the complaint failed to state a cause of action. Supreme Court, among other things, denied defendant's motion. Defendant appeals.

When considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the question is whether the plaintiffs have a cause of action, not whether they have stated one (see Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; Scheffield v Vestal Parkway Plaza, LLC, 102 AD3d 992, 993 [2013]). On such a motion, we must afford the complaint a liberal construction, "accept the facts as alleged in the pleading as true, confer on the plaintiff[s] the benefit of every possible inference and determine whether the facts as alleged fit within any cognizable legal theory" (Scheffield v Vestal Parkway Plaza, LLC, 102 AD3d at 993; see Simkin v Blank, 19 NY3d 46, 52 [2012]; ABN AMRO Bank, N.V. v MBIA Inc., 17 NY3d 208, 227 [2011]). Courts may consider affidavits submitted in opposition to such a motion to cure any defects in the complaint (see Sargiss v Magarelli, 12 NY3d 527, 531 [2009]; Lazic v Currier, 69 AD3d 1213, 1214 [2010]).

Alex Torok has stated a cause of action for breach of contract, but plaintiff Sally A. Torok has not. Although only the second page of the proposal was attached as an exhibit to the complaint, plaintiffs stated that this was a clerical error and attached the

full proposal to Alex Torok's affidavit. The proposal is signed by Alex Torok. While it is not signed on behalf of defendant, the proposal states that it becomes effective as a contract after it is executed by the property owner and approved by defendant's managing member. A handwritten notation on the proposal indicates that the down payment was received on the date of the proposal. The complaint states that the down payment was paid initially, and Alex Torok's affidavit states that plaintiffs paid the full amount of the contract to defendant. Giving plaintiffs the benefit of every favorable inference, defendant apparently approved the contract because defendant accepted the down payment and performed the proposed work. The complaint alleges that defendant failed to set all of the footings required by the contract and failed to set the footings in a workmanlike manner, and plaintiffs suffered related damages. These allegations adequately set forth the elements of a breach of contract cause of action for Alex Torok: formation of a contract between him and defendant, performance by plaintiffs, failure to perform by defendant and resulting damages (*see Brighton Inv., Ltd. v Har-Zvi*, 88 AD3d 1220, 1221 [2011]; *McCormick v Favreau*, 82 AD3d 1537, 1541 [2011], *lv denied* 17 NY3d 712 [2011]). However, because only Alex Torok signed the proposal and there are no allegations that Sally Torok entered into a contract with defendant, Supreme Court should have dismissed the breach of contract cause of action asserted by her.

Supreme Court should have dismissed the negligence and fraudulent misrepresentation causes of action. "[A] simple breach of contract claim is not to be considered a tort unless a legal duty independent of the contract itself has been violated . . . [, which] legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]). Plaintiffs have not demonstrated any special relationship or legal duty aside from the contractual relationship (*see Scott v KeyCorp*, 247 AD2d 722, 725 [1998]; *Fort Ann Cent. School Dist. v Hogan*, 206 AD2d 723, 724-725 [1994]; *compare Sergeants Benevolent Assn. Annuity Fund v Renck*, 19 AD3d 107, 111 [2005]). The negligence and fraudulent misrepresentation claims are based upon the same alleged wrongful conduct as the breach of contract claim, rendering them duplicative (*see OP Solutions, Inc. v Crowell & Moring, LLP*, 72 AD3d 622, 622 [2010]; *Heffez v L & G Gen. Constr., Inc.*, 56 AD3d 526, 527 [2008]). Therefore, those causes of action cannot stand.

Supreme Court also should have dismissed the breach of warranty claim. Although the proposal contains a guarantee regard-

ing the quality of the concrete, plaintiffs do not allege that the materials were substandard. Plaintiffs instead allege that the work was not performed correctly. "No warranty attaches to the performance of a service. If the service is performed negligently, the cause of action accruing is for that negligence. Likewise, if it constitutes a breach of contract, the action is for that breach" (*Aegis Prods. v Arriflex Corp. of Am.*, 25 AD2d 639, 639 [1966] [citation omitted]; *accord Town of Poughkeepsie v Espie*, 41 AD3d 701, 706 [2007], *lv dismissed* 9 NY3d 1003 [2007], *lv denied* 15 NY3d 715 [2010]; *Rochester Fund Muns. v Amsterdam Mun. Leasing Corp.*, 296 AD2d 785, 787 [2002]). Thus, only the breach of contract cause of action alleged by Alex Torok is viable.

Rose, J.P., Spain and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion to dismiss all causes of action alleged by plaintiff Sally A. Torok and the second, third and fourth causes of action alleged by plaintiff Alex Torok Jr.; motion granted to that extent and said causes of action dismissed; and, as so modified, affirmed.