OPINION OF THE COURT
Joseph C. Teresi, J.
Plaintiffs[1] commenced this declaratory judgment/injunction action seeking a declaration that Tax Law §§ 33 and 34[2] are unconstitutional, an injunction prohibiting their enforcement and attorney’s fees. Prior to answering, defendants claim that the complaint fails to state a cause of action and move to dismiss pursuant to CPLR 3211 (a) (7). Plaintiffs opposed the motion. Because defendants demonstrated their entitlement to dismissal, their motion is granted and the complaint is dismissed.
It is well established that this court, when considering a motion to dismiss pursuant to CPLR 3211 (a) (7), “must afford the complaint a liberal construction, accept the facts as alleged in the pleading as true, confer on the plaintiff!s] the benefit of every possible inference and determine whether the facts as alleged fit within any cognizable legal theory.” (Torok v Moore’s Flatwork & Founds., LLC, 106 AD3d 1421, 1421 [3d Dept 2013] [internal quotation marks omitted], quoting Scheffield v Vestal Parkway Plaza, LLC, 102 AD3d 992, 993 [3d Dept 2013]; Simkin v Blank, 19 NY3d 46 [2012].) “[T]he dispositive inquiry is whether [plaintiffs have] a cause of action and not whether one has been stated.” (Alaimo v Town of Fort Ann, 63 AD3d 1481, 1482 [3d Dept 2009], quoting IMS Engrs.-Architects, P.C. v State of New York, 51 AD3d 1355, 1356 [3d Dept 2008].)
*987 Here, accepting plaintiffs’ allegations outlined below as true, they have no cause of action that fits within a cognizable legal theory.
Prior to June 2004, BASF Corporation (hereinafter BASF) owned a parcel of real property located in the City of Rensselaer, New York (hereinafter South 40). The South 40, however, was polluted. Plaintiffs entered an agreement with BASF, whereby the South 40 would be remediated and redeveloped.
In June 2004, plaintiffs, BASF and the New York State Department of Environmental Conservation (hereinafter DEC) entered into a brownfield site cleanup agreement (hereinafter BSCA). Such agreement obligated plaintiffs and BASF to remediate the South 40, subject to DEC oversight and approval. In March 2008, DEC approved plaintiffs’ final engineering report of remediation. Upon such completion and approval, DEC issued a “Certificate of Completion” and plaintiffs claimed a “site preparation [tax] credit.” Such tax credit was received by plaintiffs in tax year 2008, and is not at issue herein.
Plaintiffs then turned to redevelopment and its related tax credit. They built a 65 megawatt natural gas fired electric generating plant (hereinafter the facility) on the South 40. The facility was placed into service in September 2010, at which time it began generating electricity. For such redevelopment project plaintiffs claim they were due, for tax year 2010, a tax credit of $86,951,916 (hereinafter full redevelopment tax credit).[3] Defendants do not dispute the project’s completion, the amount of the full redevelopment tax credit or plaintiffs’ eventual entitlement to it.
The Tax Credit Deferral Provisions, however, prohibited plaintiffs from claiming the entire $86,951,916 in tax year 2010. Instead, the Tax Credit Deferral Provisions significantly reduced plaintiffs’ 2010 tax credit to $1,663,633 and deferred plaintiffs’ receipt of the balance of the full redevelopment tax credit to future years. Due to such delay, plaintiffs’ complaint seeks redress under multiple constitutional theories, each of which will be addressed separately.
Plaintiffs’ first and sixth causes of action set forth “Takings Clause” challenges, both of which fail to state a claim. *988 “The Takings Clause prevents government actors from depriving private persons of vested property rights except for a public use and upon payment of just compensation.” (James Sq. Assoc. LP v Mullen, 21 NY3d 233, 247 [2013] [internal quotation marks omitted and emphasis added], quoting Landgraf v USI Film Products, 511 US 244, 266 [1994].) “The determination of whether a property interest exists to support a taking claim is typically the threshold inquiry.” (Matter of Gazza v New York State Dept. of Envtl. Conservation, 89 NY2d 603, 614 [1997]; Preble Aggregate v Town of Preble, 263 AD2d 849 [3d Dept 1999].)
Here, because plaintiffs had no “vested property right” to the tax credit they seek they have no Takings Clause cause of action. As set forth above, plaintiffs challenge their delayed receipt of the full redevelopment tax credit. Tax Law § 21 (a) (3) establishes such credit and provides, in pertinent part, that it is “allowed for the taxable year in which such qualified tangible property is placed in service on a qualified site with respect to which a certificate of completion has been issued to the taxpayer.” The parties agree that the facility constitutes “qualified tangible property” and that the South 40 is a “qualified site,” which received a “certificate of completion.” (Id.) Nor do the parties dispute, as alleged in the complaint, that the facility was placed “in service” in September 2010. (Id.) Such undisputed facts establish that all of Tax Law § 21 (a) (3)’s elements were satisfied in September 2010; it was not until then that plaintiffs’ right to their full redevelopment tax credit “vested.”
By September 2010, however, plaintiffs’ full redevelopment tax credit had already been deferred. On August 11, 2010, the Tax Credit Deferral Provisions became effective “immediately.” (L 2010, ch 57, § 1, part Y, § 8.) Because plaintiffs’ Tax Law § 21 (a) (3) tangible property tax credit was deferred in August 2010, prior to its vesting, the credit was “nothing more than an expectancy interest, ... an insufficient basis upon which to find a takings clause violation.” (Matter of Novara v Cantor Fitzgerald, LP, 20 AD3d 103, 108 [3d Dept 2005].)
Similarly, because plaintiffs lacked a vested property right when the Tax Credit Deferral Provisions were enacted, they failed to state a substantive due process/anti-retroactivity cause of action.[4]
*989 “To establish a claim for violation of substantive due process, a party must establish a cognizable . . . vested property interest.” (Matter of Raynor v Landmark Chrysler, 18 NY3d 48, 59 [2011] [internal quotation marks omitted], quoting Bower Assoc. v Town of Pleasant Val., 2 NY3d 617, 627 [2004].)
Here, even affording plaintiffs the benefit of every possible favorable inference, they have no substantive due process/antiretroactivity cause of action. As set forth above, the Tax Credit Deferral Provisions were passed and became effective in August 2010. Plaintiffs, however, were not entitled to claim the full redevelopment tax credit until September 2010, when the facility was “placed in service.” (Tax Law § 21 [a] [3].) Because the uncontested facts establish that plaintiffs were not entitled to claim the full redevelopment tax credit prior to the Tax Credit Deferral Provisions’ effective date, they failed to state a cognizable vested property interest entitled to due process protection against retroactive taxation. As such, plaintiffs set forth no substantive due process cause of action.
Nor have plaintiffs stated a Contracts Clause violation with their fifth cause of action.
“It is black letter law that absent some clear indication that the Legislature intends to bind the State contractually, a statute is presumed not to create private contractual or vested rights, but merely to declare a policy to be pursued until the Legislature shall ordain otherwise.” (Medical Socy. of State of N.Y. v Sobol, 192 AD2d 78, 80 [3d Dept 1993].) Similarly well settled, a “statute cannot be said to impair a contract that did not exist at the time of its enactment.” (Held v State of New York Workers’ Compensation Bd., 85 AD3d 35, 45 [3d Dept 2011], quoting Texaco, Inc. v Short, 454 US 516, 531 [1982]; Consumers Union of U.S., Inc. v State of New York, 5 NY3d 327, 359 [2005].)
Here, because plaintiffs have no contract entitling them to the full redevelopment tax credit, they have no Contracts Clause cause of action based on its deferral. Plaintiffs assert that they contracted with defendants for the full redevelopment tax credit by entering the BSCA, remediating the South 40, receiving their certificate of completion and by nearly placing the facility into service. While such events are uncontested, they do not clearly indicate the legislature’s intention to bind the State to paying the full redevelopment tax credit without deferral. Nor do the Brownfield Cleanup Program (ECL, art 27, tit 14) and its related tax credits (Tax Law §§ 21, 22, 23) include such a clear *990 indication. Moreover, “the New York Constitution provides that tax exemptions are freely repealable (NY Const, art XVI, § 1).” (James Sq. Assoc. LP v Mullen, 21 NY3d at 247.) As such, plaintiffs have no Contracts Clause cause of action.
Plaintiffs’ third and eighth equal protection causes of action are likewise deficient.
Equal protection review “of differential taxation consequences is subject to the lowest level of judicial review, whether any rational basis supports the legislative choices.” (Matter of DaimlerChrysler Co., LLC v Billet, 51 AD3d 1284, 1287 [3d Dept 2008] [internal quotation marks omitted], quoting Port Jefferson Health Care Facility v Wing, 94 NY2d 284, 289 [1999].) “Unless a suspect class or fundamental right is involved, which is not the case here, classifications that create distinctions between similarly-situated individuals will be upheld if they are rationally related to a legitimate government interest.” (Matter of Walton v New York State Dept. of Correctional Servs., 13 NY3d 475, 492 [2009]; Trump v Chu, 65 NY2d 20 [1985].)
Here, contrary to plaintiffs’ claim, applying the Tax Credit Deferral Provisions’ application to brownfield redevelopment investors but not to film production credit investors (Tax Law § 24) does not violate equal protection principles. First, because the brownfield redevelopment and film production credit investors are not similarly-situated groups, plaintiffs “fail to state a cognizable equal protection claim.” (Walton v New York State Dept. of Correctional Servs. at 493.) Moreover, the Tax Credit Deferral Provisions did not apply solely to brownfield redevelopment investors, but rather applied to more than 30 separate tax credits. In addition, as outlined by defendants, such distinction could have been rationally based upon differences between the structure of each credit, the commercial desirability of each credit or the fiscal impact on the state of each credit. Even viewing the Tax Credit Deferral Provisions’ in a light most favorable to plaintiffs, there is no reasonable view of such statute that negates the rational basis of this legislation. (Trump v Chu, 65 NY2d 20, 28 [1985]; Matter of Novara v Cantor Fitzgerald, LP, 20 AD3d 103 [3d Dept 2005].) As such, plaintiffs have no equal protection cause of action.
Because plaintiffs have no viable constitutional cause of action, as per the above, their injunction cause of action and 42 USC § 1983 damages demand are entirely unsupported.
*991 Accordingly, defendants’ motion is granted and the complaint is dismissed in its entirety.

. Empire Gen Holdings, Inc. owns all of the membership interests in Empire Generating Co, LLC, which was formerly known as Besieorp-Empire Power Company, LLC. Each of these entities will be referred to herein, without distinction, as plaintiffs.

. The Tax Law § 33 challenged in this action was added by Laws of 2010 (ch 57, § 1, part Y, § 1) and is entitled “Temporary deferral of certain tax credits”; while Tax Law § 34 was added by Laws of 2010 (ch 57, § 1, part Y, § 2) and entitled “Temporary deferral payout credits.” There are, however, two other Tax Law §§ 33 and 34, added by Laws of 2010 (ch 57, § 1, part G, § 2) and Laws of 2010 (ch 57, § 1, part G, § 3) respectively, which are not at issue in this proceeding. To avoid confusion, this decision and order will refer to the challenged Tax Law §§ 33 and 34 as the “Tax Credit Deferral Provisions.”

. Although plaintiffs’ complaint alleges that Tax Law § 23 (titled “Environmental remediation insurance credit”) entitles it to the full redevelopment tax credit, defendants demonstrated that Tax Law § 21 (a) (3) (titled “Brownfield redevelopment tax credit”; “Tangible property credit component”) actually governs the tax credit at issue in this action.

. As clarified in plaintiffs’ memorandum of law, plaintiffs’ second, fourth and seventh due process causes of action are all premised upon a claim of unconstitutional retroactivity. As such, these causes of action will be addressed collectively.