■ ERIC PRIVETTE, Appellant, v PRECISION ELEVATOR, Appellant, and 260-261 MADISON AVENUE, LLC, et al., Respondents, et al., Defendants. (And Other Third-Party Actions.) [40 NYS3d 380]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered March 20, 2015, which granted defendants 260-261 Madison Avenue LLC, 260/261 Madison Equities Corp., the Sapir Organization and Sapir Realty Management's motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

---

Plaintiff alleges that he was injured in an elevator located in a building at 261 Madison Avenue in Manhattan and maintained by defendant Precision Elevator. At the time, plaintiff was employed by the building's managing agent, defendant Sapir Realty Management, which was then called Zar Realty Management. The record demonstrates that Zar Realty and the building owner, defendant 260-261 Madison Avenue, LLC, functioned as one company; thus, as plaintiff's employers, both are entitled to the benefits of Workers' Compensation Law § 11 (*see Clifford v Plaza Hous. Dev. Fund Co., Inc.*, 105 AD3d 609 [1st Dept 2013]; *Ramnarine v Memorial Ctr. for Cancer & Allied Diseases*, 281 AD2d 218 [1st Dept 2001]).

Defendant 260/261 Madison Equities Corp., the former owner, cannot be held liable for any alleged dangerous condition on the premises since it conveyed the property more than three months before plaintiff's accident, thus giving the new owner, 260-261 Madison Avenue, a reasonable time to discover and/or cure any such alleged condition (*see Bittrolff v Ho's Dev. Corp.*, 77 NY2d 896 [1991]; *Armstrong v Ogden Allied Facility Mgt. Corp.*, 281 AD2d 317 [1st Dept 2001]).

In opposition to defendants' prima facie showing that there is no such entity as "The Sapir Organization," plaintiff failed to raise an issue of fact. Plaintiff now relies on statements made in other cases involving that entity (*see e.g. GSO RE Onshore LLC v Sapir*, 29 Misc 3d 1234[A], 2010 NY Slip Op 52138[U] [Sup Ct, NY County 2010] [affidavit by Alex Sapir stating that he is the president of the Sapir Organization, and that his father, Tamir Sapir, is the chairman]). However, the argument is raised for the first time on appeal and is not appropriately addressed in the absence of a fully developed factual record (*see Zimmerman v Gaines Serv. Leasing Corp.*, 249 AD2d 215, 216 [1st Dept 1998]). In any event, the available evidence indicates that the Sapir Organization is merely an informal name used for a group of corporate entities run by the Sapir family. Even accepting that "The Sapir Organization" is a brand name for other defendants named in this action, since those defendants have been dismissed from this action, "The Sapir Organization" is entitled to the same relief as it cannot be a viable defendant. Plaintiff did not argue or show any distinct basis for "The Sapir Organization" to be liable in its own right, such as ownership or maintenance of the subject property.

The decision and order of this Court entered herein on June 23, 2016 (140 AD3d 591 [2016]) is hereby recalled and vacated (*see* 2016 NY Slip Op 89617[U] [2016] [decided simultaneously herewith]).Concur—Tom, J.P., Friedman, Richter, Kapnick and Gesmer, JJ.