**LAG Holdings LLC v Abhisunray Inc.**

2026 NY Slip Op 30622(U)

February 26, 2026

Supreme Court, Washington County

Docket Number: Index No. EC2025-40066

Judge: Amy N. Quinn

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# Supreme Court of the State of New York

## County of Washington

PRESENT: HON. AMY N. QUINN, A.J.S.C.

---

LAG HOLDINGS LLC,

*Plaintiff,*

--- *against* ---

ABHISUNRAY INC.
and PRAVEENA MADHIKUUTA,

*Defendants.*

**DECISION AND ORDER**

Index No.:
EC2025-40066

---

Appearances: David M. Katz, Esq., for Plaintiff; Dominick Dale, Esq., for Defendants.

QUINN, J.:

Plaintiff commenced this action against defendants on August 20, 2025, seeking monetary damages under a revenue purchase agreement. Defendants move to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. Although the motion return date was adjourned several months on plaintiff's consent, no opposition has been filed or otherwise received.

In evaluating a CPLR 3211 (a) (7) motion, "[t]he question is whether the plaintiff[ ] ha[s] a cause of action, not whether they have stated one" (*Torok v Moore's Flatwork & Founds.*, LLC, 106 AD3d 1421, 1421 [3d Dept 2013], citing *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). The court must liberally construe the complaint, accepting factual allegations as true and giving the plaintiff the benefit of every "'possible inference [to] determine whether the facts as alleged fit within any cognizable legal theory'" (*Torok* at 1421, quoting *Scheffield v Vestal Parkway Plaza, LLC*, 102 AD3d 992, 993 [3d Dept 2013]; *Merchant Factors Corp. v Crush Apparel & Accessories Inc.*, 79 Misc3d 1230[A], 2023 NY Slip Op 50755[U], *3 [Sup Ct, New York County 2023]). Bare legal conclusions "'are not presumed to be true'" or are "'accorded every favorable inference'" (*Merchant Factors Corp.*, 2023 NY Slip Op 50755[U], *3, quoting *Biondi v Beekman Hill House Apt. Corp.*, 257 AD2d 76, 81 [1st Dept 1999], *affd* 94 NY2d 659 [2000]). Further, "'[w]hether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss'" (*Moore*

[* 1]

*Charitable Found., Inc. v PJT Partners, Inc.*, 40 NY3d 150, 153 [2023], quoting *EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]).

The elements of a claim for breach of contract are existence of a contract, plaintiff's performance of its obligations under the contract, failure of the defendant to perform its obligations, and damages caused by defendant's breach (*Cobleskill Stone Prods., Inc. v Merchants Natl. Bonding, Inc.*, 223 AD3d 1021, 1023 [3d Dept 2024]).

According to the verified complaint, plaintiff alleges that on or about June 12, 2025, the parties entered into a future receivables purchase agreement pursuant to which plaintiff agreed, for the sum of $35,000, to purchase rights to Abhisunray Inc.'s future receipts valued at $46,500. Plaintiff alleges that defendants breached the agreement, and, as a result, defendants owe plaintiff $28,405, after crediting payments, offsets and deductions. Plaintiff annexes a copy of the written agreement showing that under its terms, plaintiff was to pay Abhisunray Inc. the net amount of $33,950. Thus the complaint alleges (1) existence of a contract, (2) failure of defendants to perform their obligations, and (3) damages. Nowhere in the verified pleading or annexed to it is any assertion that plaintiff performed its end of the bargain as required by the parties' contract. Merely because the contract states that plaintiff was obliged to have remitted the net purchase price does not mean it actually did so. Plaintiff did not oppose the motion and, therefore, there were no affidavits the Court could consider (*see e.g. Hampshire Props. v BTA Bldg. & Developing, Inc.*, 122 AD3d 573, 573 [2d Dept 2014]; *Torok v Moore's Flatwork & Founds., LLC*, 106 AD3d 1421 [3d Dept 2013]).

Because plaintiff failed to adequately plead all the required elements to state a claim for breach of contract, the remaining causes of action likewise fail.

Those arguments not specifically addressed herein were found to be unpersuasive or were otherwise rendered academic.

Based upon the foregoing, it is

**ORDERED,** that defendants' motion to dismiss is granted, and the verified complaint filed on August 20, 2025 by plaintiff LAG Holdings LLC against defendants Abhisunray Inc. and Praveena Madhikuuta under index No. EC2025-40066 is dismissed.

The above constitutes the *Decision and Order* of the court. The signing of this *Decision and Order* shall not constitute entry or filing under CPLR 2220. Counsel is not relieved from the applicable provision of that section with respect to filing, entry and notice of entry.

[continued on following page]

[* 2]

Page -3-

Decision and order signed _Februan 26_ , 2026, at Lake George, New York.

ENTER

_____
Hon. Amy N. Quinn, A.J.S.C.
Judge of the Court of Claims

Papers considered:

NYSCEF Doc Nos. 1-10